IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE TELEKOM AG, T-MOBILE US, INC., and SOFTBANK GROUP CORP., <br><br> Defendants. | Case No. 1:22-cv-03189 <br><br> Hon. Thomas M. Durkin <br><br> Hon. Jeffrey Cole |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION
TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................... 1
II. BACKGROUND ................................................................................................................. 1
III. LEGAL STANDARD .......................................................................................................... 2
IV. ANALYSIS .......................................................................................................................... 4
    A. Lieff, BMPC, and Hausfeld Thoroughly Investigated Plaintiffs' Claims. ............. 4
    B. Lieff, BMPC, and Hausfeld Are Experienced Complex Class Action Litigators With Sophisticated Knowledge of Antitrust Law. ............................... 5
        1. Lieff. .............................................................................................................. 5
        2. BMPC ........................................................................................................... 8
        3. Hausfeld ..................................................................................................... 10
    C. Lieff, BMPC, and Hausfeld Will Continue to Commit Ample Resources to Represent the Class. ............................................................................................... 11
V. THE COURT SHOULD ALSO APPOINT JOEL A. FLAXMAN AS INTERM LIAISON COUNSEL. ......................................................................................................... 12
VI. CONCLUSION .................................................................................................................. 12

I.  **INTRODUCTION**

Plaintiffs Anthony Dale, Brett Jackson, Johnna Fox, Benjamin Borrowman, Ann Lambert, Robert Anderson, and Chad Hohenbery ("plaintiffs") respectfully ask this Court to appoint Lieff Cabraser Heimann & Bernstein, LLP ("Lieff"), Berger Montague PC ("BMPC"), and Hausfeld LLP ("Hausfeld") as Interim Co-Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). Additionally, plaintiffs respectfully ask this Court to appoint Joel A. Flaxman of the Law Offices of Kenneth N. Flaxman, P.C. as Interim Liaison Counsel. Lieff, BMPC, and Hausfeld more than satisfy Rule 23(g)(3). Together, these firms have devoted significant time and resources investigating plaintiffs' claims arising from the merger of Sprint Corp. ("Sprint") and T-Mobile US, Inc. ("T-Mobile"), defending against defendants' motions to transfer and dismiss, and conferring regarding discovery and discovery protocols, including a protocol for the discovery of electronically stored information. They are well versed in complex litigation, in particular antitrust class actions, and have ample resources to prosecute this action. In short, Lieff, BMPC, and Hausfeld are prepared and well suited to represent the interests of the proposed class of consumers.[1]

II. **BACKGROUND**

On June 17, 2022, plaintiffs filed a complaint against defendants Deutsche Telekom AG ("DT"), T-Mobile, and SoftBank. Declaration of Brendan P. Glackin ("Glackin Decl.") ¶ 3. The complaint alleges that the merger reduced competition throughout the mobile wireless market, causing consumers to pay more for wireless service than they otherwise would have.

On August 23, 2022, defendant T-Mobile moved to transfer this action to the Southern District of New York. *Id*. This Court denied that motion on October 7, 2022. *Id*. On December

---

[1] Defendant T-Mobile takes no position on this motion and does not plan to file responsive papers.

5, 2022, defendant SoftBank moved to dismiss the complaint in this action for lack of personal jurisdiction and venue, and defendants T-Mobile and Softbank jointly moved to dismiss the complaint for failure to state a claim. *Id.* Plaintiffs briefed and argued the oppositions to those motions. *Id.*

During the pendency of that motion, plaintiffs met and conferred with defendants on early discovery, successfully negotiated an agreement about the scope of that discovery, negotiated a protective order and ESI protocol, secured production of preliminary discovery including T-Mobile organization charts and trial exhibits and deposition transcripts from the pre-merger litigation, *New York, et al. v. Deutsche Telekom AG, et al.*, No. 19 Civ. 9434 (VM) (S.D.N.Y.), and conferred about non-custodial data and document retention policies. *Id.* ¶ 4.

On November 2, 2023, the Court denied the joint motion to dismiss. *Id.* ¶ 3. Since that Order, plaintiffs have conducted a 26(f) conference, met and conferred with T-Mobile regarding the case schedule, and recently filed a Joint Status Report on November 28, 2023. *Id.* ¶ 4. Plaintiffs have also served document requests on defendant T-Mobile and non-parties AT&T Inc., Verizon Communications Inc., and DISH Network Corp. *Id.*

### III. LEGAL STANDARD

Proposed Interim Co-Lead Class Counsel satisfy the applicable standards for appointment in this matter. A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."[2] Appointment of interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for

---

[2] Fed. R. Civ. P. 23(g)(3).

class certification and negotiating settlement."[3] While courts often appoint interim counsel when there are "overlapping, duplicative, or competing suits,"[4] Rule 23(g)(3) is not limited to litigation with multiple suits; courts also appoint interim class counsel for standalone class cases to ensure efficiency and protect the interests of the class.[5]

When designating interim class counsel, courts consider the same factors that govern appointment after certification.[6] These factors include:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.[7]

When applying these factors in large, nationwide class actions, courts regularly appoint multiple interim co-lead class counsel.[8] Given the complexity and breadth of work required in this case,

---

[3] *Walker v. Discover Fin. Servs.*, No. 10-cv-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011) (quoting *Manual for Complex Litigation (Fourth)* § 21.11 (2004)).
[4] *Id.*
[5] *See Beasley v. TTEC Servs. Corp.*, No. 22-cv-00097-PAB-NYW, 2022 WL 1719654, at *2-3 (D. Colo. May 27, 2022) (appointing interim lead counsel for a single consolidated class action); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (same); *Abelesz v. Magyar Nemzeti Bank*, No. 10 C 1884, 2013 WL 4525399, at *2 (N.D. Ill. Aug. 20, 2013) (appointing interim counsel in a single case).
[6] *In re Navistar Maxxforce Engines Mktg., Sales Practices & Prods. Liab. Litig.*, No. 14-cv-10318, 2015 WL 1216318, at *1 (N.D. Ill. Mar. 5, 2015).
[7] Fed. R. Civ. P. 23(g)(1)(A).
[8] *See, e.g., Moehrl*, 2020 WL 5260511, at *2 (holding that "a three-firm leadership structure is warranted in light of the magnitude and complexity of this action"); *Navistar*, 2015 WL 1216318, at *1 (appointing three co-leads); Order Preliminarily Approving Settlement, Certifying the Settlement Class for Purposes of Settlement, Appointing Class Counsel, and Approving Issuance of Notice to the Class ¶ 9, *In re Dental Supplies Antitrust Litig.*, No. 16-CV-00696 (E.D.N.Y. Jan. 9, 2019), ECF No. 317; *In re Air Cargo Shipping Servs. Antitrust Litig.*,

the appointment of three firms with deep expertise in antitrust law and economics will greatly benefit the class, especially where, as here, the three firms have worked closely and efficiently in the past. In addition, it makes sense to appoint interim co-lead counsel now that the motions to dismiss have been decided, and discovery has commenced. The coming months will involve the meat of the prosecution of the case: document review and depositions, as well as expert analysis in support of a motion to certify the class. The principles underlying Rule 23(g)(3) imply that under these circumstances it is good practice for a court to appoint interim counsel to "promote efficient case management."[9]

## IV. ANALYSIS

Each of the above factors demonstrate that Lieff, BMPC, and Hausfeld are well suited to represent the interests of the proposed class.

### A. Lieff, BMPC, and Hausfeld Thoroughly Investigated Plaintiffs' Claims.

Lieff, BMPC, and Hausfeld conducted a comprehensive inquiry into the misconduct alleged in this case. Together, the three firms conducted extensive in-house economic analysis of data on average quality-adjusted prices for mobile wireless service, price increases,

---

240 F.R.D. 56, 58-59 (E.D.N.Y. 2006) (appointing four law firms to act as co-lead interim class counsel).

[9] *Moehrl*, 2020 WL 5260511, at *2 (appointing interim counsel, over defendant's objections, in a consolidated class action with no rivalry); *Duqum v. Scottrade, Inc.*, No. 4:15-CV-1537-SPM, 2016 WL 1700427, at *1 (E.D. Mo. Apr. 28, 2016) ("The Court finds that appointment of interim counsel is appropriate here because it will clarify responsibility for protecting the interest of the class during precertification activities and will promote efficient case management."); *see also Gallagher v. Bayer AG*, No. 14-cv-04601-WHO, 2015 WL 4932292, at *8 (N.D. Cal. Aug. 18, 2015) (noting "several cases in which courts have appointed interim class counsel in the absence of other class suits"); *Henderson v. Volvo Cars of N. Am., LLC*, No. C09-4146, 2010 U.S. Dist. LEXIS 151733, at *6-7 (D.N.J. Nov. 1, 2010) ("[N]either the Advisory Notes nor the Rule provide that 'rivalry or uncertainty' is a requirement for appointment of interim class counsel; rather it is included as one of several circumstances that may require appointment of interim class counsel.").

promotional offers, and market share, spending over 1,400 prior to filing the case. Glackin Decl. ¶ 2. This included analyzing the frequency of plan changes offered by major carriers. *Id.* The pre-complaint investigation also included analysis of wireless service pricing over an eight-year period. *Id.* Additionally, the firms' investigation of industry dynamics enabled them to allege a contrast between competition pre-merger—such as the carriers' serial introduction of, and price competition on, unlimited plans—and reduced competition post-merger. *Id.* ¶¶ 35-40, 78-85. The firms' investigation also addressed Sprint's viability as a standalone carrier by reviewing its financials and network improvements in the years prior to the merger. *Id.* ¶¶ 59-62. Further, the firms researched the transaction, pre-merger litigation, and analyzed whether defendants have complied with the commitments they made to government entities to obtain regulatory approval for the merger. *Id.* ¶¶ 2, 95, 98-100.

### B. Lieff, BMPC, and Hausfeld Are Experienced Complex Class Action Litigators With Sophisticated Knowledge of Antitrust Law.

Lieff, BMPC, and Hausfeld have prosecuted some of the most complex and significant antitrust class actions in the past two decades, recovering billions of dollars as well as injunctive relief for consumers and businesses. Their vast collective experience in antitrust is described in further detail below and in firm resumes and attorney bios attached to the Declaration of Brendan P. Glackin.

#### 1. Lieff

For over fifty years, Lieff has specialized in class actions and complex litigation on behalf of consumers, small businesses, investors, employees, and the injured. As explained more fully in the firm's resume, Lieff enjoys national acclaim for its handling of state coordinated and federal multi-district litigation. This reputation is particularly strong in the area of antitrust. The 2021 Antitrust Annual Report ranked Lieff among the Top 50 Cases with Settlements Reaching

Final Approval, Top 25 Lead Counsel in Number of Settlements Filed, and Top 25 Lead Counsel in Class Recovery.  Lieff's most recent successes in the field of antitrust include:

| Case Title | Description |
|---|---|
| *In re High-Tech Emp. Antitrust Litig.*, No. 11-cv-2509 (N.D. Cal.). | **Role:**  Co-Lead Counsel<br>**Recovery:**  Secured a $435 million recovery, the largest total recovery by an employee class against non-governmental defendants |
| *In re Cipro Cases I & II*, No. S198616 (Cal. Supr. Ct.) and *Cipro Cases I & II*, JCCP Proceedings Nos. 4154 & 4220 (San Diego Super. Ct.). | **Role:**  Co-Lead Counsel for Indirect Purchasers<br>**Recovery:** Achieved a $399 million recovery—one of the largest ever indirect purchaser pharmaceutical recoveries |
| *Nashville Gen. Hosp. v. Momenta Pharms.*, No. 3:15-cv-01100 (M.D. Tenn.). | **Role:** Lead Counsel for Indirect Purchasers<br>**Recovery:** Recovered $120 million |
| *Haley Paint Co. v. E.I. Dupont De Nemours & Co. ("Titanium Dioxide")*, No. 10-cv-00318-RDB (D. Md.). | **Role:** Co-Lead Counsel for Direct Purchasers<br>**Recovery:** Secured $163.5 million in settlements |
| *In re Lithium Ion Batteries Antitrust Litig. ("Batteries")*, No. 13-md-02420-YGR (N.D. Cal.). | **Role:**  Co-Lead Counsel for Indirect Purchasers<br>**Recovery:** Achieved $113.45 million in settlements |
| *Seaman v. Duke Univ.*, No. 15-cv-462 (M.D.N.C.) and *Binotti v. Duke Univ.*, No. 20-cv-470 (M.D.N.C). | **Role:** Lead Counsel<br>**Recovery:** Secured $73.5 million in settlements and unprecedented injunctive relief, including an enforcement role for the U.S. Department of Justice |

Brendan P. Glackin and Lin Y. Chan lead the Lieff team.  Mr. Glackin chairs the firm's Antitrust Practice Group.  He has practiced in the field of antitrust for over two decades and has tried more than 20 civil and criminal cases to verdict.  He presently serves as lead trial counsel for a coalition of 39 state attorneys general in a case alleging that Google has monopolized the distribution of apps on Android phones.  The case recently settled shortly before trial.  He previously served as trial counsel in *In re TFT-LCD Antitrust Litigation ("LCDs")*, MDL No. 1827 (N.D. Cal.), in which the jury returned a plaintiff verdict after a six-week trial, leading

ultimately to $470 million in total settlements. He also served as trial counsel for the direct purchaser class in *Meijer v. Abbott Laboratories*, No. 07-5985 CW (N.D. Cal.). Mr. Glackin also has contributed groundbreaking work in *Nashville General Hospital* and *Cipro Cases I and II* against drug makers for blocking access to affordable generics, which led to the 2019 American Antitrust Institute "Outstanding Private Practice Antitrust Achievement" award and the 2016 "California Lawyer Attorney of the Year" award, respectively. From 2019 to 2023, Mr. Glackin was named one of *Lawdragon's* 500 Leading Lawyers in America. *The Daily Journal* named him a Top Antitrust Lawyer in California in 2020. He has regularly taught trial practice through the National Institute for Trial Advocacy.

Ms. Chan has extensive experience litigating class action and antitrust cases. She currently serves as interim co-lead class counsel for indirect purchasers of consumer telescopes in *In re Telescopes Antitrust Litigation*, No. 5:20-cv-03639 (N.D. Cal.), a case alleging that manufacturers of consumer telescopes conspired to fix prices and allocate the market. In *Batteries*, Ms. Chan managed the day to day substantive and procedural work, conducting discovery, drafting briefs, participating in and supervising the document analysis, working with experts, arguing in court, and securing over $113 million for the class. In 2017, Ms. Chan shared the American Antitrust Institute's award for "Outstanding Private Antitrust Achievement" with Lieff's team and won its "Outstanding Antitrust Litigation Achievement by a Young Lawyer" award for her work in *Cipro Cases I and II*. In 2021, she won the inaugural American Antitrust Institute and Committee to Support the Antitrust Laws Hollis Salzman Memorial Leadership Award, awarded to a leader within the plaintiffs' antitrust bar who has advanced opportunities for other women and attorneys from underrepresented groups. She has also been named one of the Top Antitrust Lawyers in California by *The Daily Journal* in 2021, among other awards.

### 2. **BMPC**

Described by *Chambers & Partners* as a "[b]outique firm with deep expertise in complex antitrust litigation," BMPC, which has one of the largest antitrust departments of any plaintiffs' class action firm, has been engaged in the practice of complex and class action litigation for fifty years. Since its founding, BMPC has been a leading nationwide advocate in many of the most important antitrust cases ever litigated; the U.S. edition of *The Legal 500* has recommended BMPC as a "Tier 1 Firm" for representing plaintiffs in antitrust class action litigation and describes the firm as "excellent."

BMPC's numerous recent successes as lead or co-lead counsel in antitrust class actions include *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-01720 (E.D.N.Y.) (settlement of approximately $5.6 billion); *In re Namenda Direct Purchaser Antitrust Litigation*, No. 1:15-cv-07488 (S.D.N.Y.) ($750 million class settlement); and *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-cv-01797 (E.D. Pa.) ($512 million class settlement). BMPC is also currently lead or co-lead counsel in more than two dozen of the largest, most complex antitrust class actions around the country, including *Henry, et al. v. Brown University, et al.*, No. 1:22-CV-00125 (N.D. Ill.) (co-lead counsel for class of students of seventeen elite universities alleging a conspiracy to reduce financial aid); *In re Google Digital Publisher Advertising Antitrust Litigation*, No. 5:20-cv-03556 (N.D. Ca.) (co-lead counsel for class of publishers impacted by Google's digital advertising products); *In re Broiler Chicken Grower Antitrust Litigation*, No. 6:20-md-2977 (E.D. Okla.) ("*Broilers*") (co-lead counsel with Hausfeld representing class of chicken farmers alleging illegally suppressed pay); and *In re Mission Health Litigation*, No. 1:22-cv-00114-MR (W.D.N.C.) (co-lead counsel with Lieff representing cities and counties in North Carolina alleging overcharges by dominant hospital system).

Eric L. Cramer, Joshua P. Davis, and Robert Litan lead the BMPC team.

Mr. Cramer is Chairman of Berger Montague and co-chairs the Firm's antitrust department. He has a national practice in the field of complex litigation, primarily in antitrust. He is currently co-lead counsel in multiple significant antitrust class actions in a variety of industries and is responsible for winning numerous significant settlements for his clients, totaling well over $3 billion. Most recently, he has focused on representing workers claiming that anti-competitive practices have suppressed their pay, including cases on behalf of mixed-martial-arts fighters, luxury retail and healthcare workers, and chicken growers. He recently served as one of the main trial counsel in a two-week jury trial in *In re Capacitors Antitrust Litigation*, No. 3:14-cv-03264 (N.D. Cal.), which resulted in a $160 million class settlement just before closing arguments.

In 2020, *Law360* named Mr. Cramer a Titan of the Plaintiffs Bar, and *Who's Who Legal* identified him as a Global Elite Thought Leader, stating that he "comes recommended by peers as a top name for antitrust class action proceedings." In 2021, *Chambers & Partners* ranked Mr. Cramer in the top tier nationally in antitrust, observing that "He excels in economic analysis. He is a real leader;" and that he has "a great presence in court and at trial" and is at the "[t]op of the profession; a phenomenal lawyer who is an expert on economics."

Joshua P. Davis has extensive litigation and appellate experience in antitrust class actions and in matters involving complex litigation ethics. He is also one of the leading scholars in the nation on antitrust procedure, class certification, and ethics in class actions and complex litigation. Robert Litan, who specializes in antitrust class actions, has a PhD in economics and four decades of economic research. He previously served as a Deputy Assistant Attorney

General in the Justice Department's Antitrust Division, where his responsibilities included telecommunications policy and litigation.

### 3. Hausfeld

Hausfeld is widely recognized as one of the nation's preeminent plaintiffs' firms. In 2023, *Chambers and Partners* named Hausfeld to its highest tier, "Band 1", for nationwide plaintiffs' antitrust firms—one of just four in the country. The firm and its attorneys have served as lead or co-lead counsel in more than 30 major antitrust class action cases. Hausfeld has been involved in some of the most challenging and complex antitrust cases ever, winning landmark trials, achieving precedent-setting legal victories, and recovering billions of dollars on behalf of classes of victims. A recent industry report recognized Hausfeld as the #1 plaintiffs' firm in settlement class recovery, having negotiated and finalized over $5.2 billion in settlements since 2009. As the *Global Competition Review* recently proclaimed, "the lawyers at Hausfeld have established themselves as one of—if not the—top plaintiffs' antitrust firm in the U.S."

Gary I. Smith Jr. leads the Hausfeld team, joined by Hill Brakefield. Mr. Smith is an experienced litigator focusing his practice on complex antitrust cases. He has recovered over a billion dollars for clients who were victims of antitrust violations. He has been recognized as a Rising Star by *Law360* (2017), a Rising Star or Super Lawyer by *Super Lawyers* since 2017, a Trailblazer by *The Legal Intelligencer* (2019), and received recognition from the American Antitrust Institute (2023) for his work securing almost $70 million in settlements to benefit American farmers in *Broilers* (co-lead with Berger). *The Legal 500* has described Mr. Smith as "creative and intellectually nimble," "a practical and effective litigator," and "a very skilled advocate" who "takes his professional and ethical obligations seriously."

In addition to *Broilers*, Mr. Smith has successfully represented antitrust plaintiffs in a number of high-profile actions where Hausfeld has served as co-lead counsel. *See, e.g., In re*

*LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-md-2262 (S.D.N.Y.) (currently representing a certified class of direct purchasers of over-the-counter financial instruments bringing price-fixing claims, having recovered $781 million in settlements with twelve defendant banks and continuing to litigate against five non-settling defendant banks); *In re Transpacific Passenger Air Transp. Antitrust Litig.*, No. 07-cv-5634 (N.D. Cal.) (formerly represented certified class of direct purchasers of transpacific airfare bringing price-fixing claims, settled with the remaining defendant on the eve of trial for $58 million, bringing total recoveries to $147 million); *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y.) (formerly represented, along with Berger, a proposed class of direct purchasers of dental supplies bringing price-fixing claims; settled the claims for $80 million).

### C. Lieff, BMPC, and Hausfeld Will Continue to Commit Ample Resources to Represent the Class.

Lieff, BMPC, and Hausfeld have the necessary resources to prosecute this action vigorously. Across their firms, they employ over 350 lawyers, with offices throughout the United States and in Canada, as well as multiple offices overseas in London, Amsterdam, Hamburg, Berlin, Munich, Dusseldorf, Brussels, and Stockholm. Additionally, Proposed Interim Co-Lead Class Counsel regularly advance the costs to prosecute major antitrust actions, such as this one, that involve going toe-to-toe with large, well-funded defendants without using litigation funders. Glackin Decl. ¶ 6. The firms have already devoted extensive time and resources to prosecute this action. In addition to investigating plaintiffs' claims, they have marshaled their substantial resources to oppose defendants' venue transfer motion and two motions to dismiss. *Id.* The firms negotiated for and conducted limited discovery during the pendency of defendants' motions to dismiss. *Id.* ¶ 4. Since the Court denied the joint motion to dismiss, they

have conducted a 26(f) conference, met and conferred with T-Mobile about the case schedule, filed a Joint Status Report on November 28, 2023, and served document requests. *Id.*

## V. THE COURT SHOULD ALSO APPOINT JOEL A. FLAXMAN AS INTERM LIAISON COUNSEL.

The appointment of Joel A. Flaxman as Interim Liaison Counsel will also serve the best interests of the proposed class. As an experienced litigator in this district, Mr. Flaxman will provide the proposed class and Proposed Interim Co-Lead Class Counsel with invaluable guidance on local practices. He has litigated in this district for nearly ten years and served as counsel in over 100 cases. Declaration of Joel A. Flaxman ¶¶ 3, 5. His experience in this district also includes a judicial clerkship with the Honorable Rebecca Pallmeyer and a position as a staff law clerk for the Seventh Circuit. *Id.* ¶ 4. He also previously worked in the United States Department of Justice Civil Rights Division. *Id.* ¶ 3. Mr. Flaxman has already contributed his time and knowledge of local practices to prosecute this matter.

## VI. CONCLUSION

Plaintiffs respectfully ask the Court to appoint Lieff, BMPC, and Hausfeld as Interim Co-Lead Class Counsel and Joel A. Flaxman as Interim Liaison Counsel.

Dated: December 4, 2023   */s/ Brendan P. Glackin*

Brendan P. Glackin (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Nicholas W. Lee (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
Jules A. Ross (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com

nlee@lchb.com
szandi@lchb.com
jross@lchb.com

Eric L. Cramer (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 875-3000
ecramer@bm.net
jgradwohl@bm.net

Robert Litan (*pro hac vice*)
BERGER MONTAGUE PC
2001 Pennsylvania Avenue NW, Suite 300
Washington, D.C. 20006
Phone: (202) 559-9745
rlitan@bm.net

Joshua P. Davis (*pro hac vice* forthcoming)
BERGER MONTAGUE PC
59A Montford Avenue
Mill Valley, CA 94941
Phone: (415) 215-0962
jdavis@bm.net

Gary I. Smith Jr. (*pro hac vice*)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (267)-702-2318
gsmith@hausfeld.com

Hill Brakefield (*pro hac vice*)
HAUSFELD LLP
888 16th Street NW, Suite 300
Washington, D.C. 20006
Phone: (202) 540-7200
hbrakefield@hausfeld.com

Joel A. Flaxman
ARDC No. 6292818
Kenneth N. Flaxman
ARDC No. 830399
LAW OFFICES OF KENNETH N. FLAXMAN, P.C.
200 S Michigan Avenue, Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
jaf@kenlaw.com
knf@kenlaw.com

*Counsel for Plaintiffs and the Proposed Class*

- 14 -

## CERTIFICATE OF SERVICE

I, Brendan P. Glackin, an attorney, hereby certify that this **Memorandum of Law in Support of Plaintiffs' Unopposed Motion to Appoint Interim Co-Lead Class Counsel** was electronically filed on December 4, 2023, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

Respectfully submitted,

*/s/ Brendan P. Glackin*
Brendan P. Glackin (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
(415) 956-1000
bglackin@lchb.com

*Counsel for Plaintiffs and the Proposed Class*