IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE TELEKOM AG, and T-MOBILE US, INC., <br><br> Defendants. | Case No. 1:22-cv-03189 <br><br> Hon. Thomas M. Durkin <br><br> Hon. Jeffrey Cole <br><br> **JOINT STATUS REPORT** |

Pursuant to this Court's November 29, 2023, Minute Entry (ECF No. 123), Plaintiffs and Defendant T-Mobile US, Inc. ("T-Mobile" and, together, "the parties") respectfully submit this Joint Status Report.

I.     **Requests for Production**

On November 13, 2023, Plaintiffs served their first set of requests for production on T-Mobile.  Per the parties' agreement, T-Mobile responded on January 10, 2024.  The parties continue to meet and confer productively on discovery.  They have agreed to accept service of discovery papers and responses via email.  The parties have also agreed that by June 13, 2024 they will set a further deadline for substantial completion of document discovery by T-Mobile.

On November 17, 2023, Plaintiffs served requests for production on AT&T, Inc. ("AT&T"), Verizon Communications Inc. ("Verizon"), and DISH Network Corporation ("DISH").  Plaintiffs and these non-parties agreed that AT&T and Verizon will respond by

January 31, 2024, and DISH will respond by February 2, 2024. On January 22, 2024, T-Mobile served its first set of requests for production and interrogatories on Plaintiffs. Plaintiffs' responses to those discovery requests are due on February 21, 2024.

## II.  Initial Disclosures

On December 18, 2023, the parties exchanged initial disclosures. Each party identified individuals likely to have discoverable information and documents in their possession that they may use to support their claims/defenses. Each party has agreed to supplement their disclosures as additional information becomes available to them.

## III.  Deposition Transcripts and Trial Exhibits from Prior Litigation

Plaintiffs' request for production to T-Mobile seeks materials from the pre-merger litigation, *State of New York v. Deutsche Telekom AG*, No. 19-cv-05434 (S.D.N.Y.), some of which contain confidential information of non-parties. On December 21, 2023, T-Mobile sent a notice to those non-parties—Altice USA, Inc. ("Altice"), AT&T, Comcast Corp., Deutsche Telekom AG, DISH, Google LLC, SoftBank Group Corp., Verizon, and the plaintiff States in that case—pursuant to the Protective Order in that litigation. The notice advised the non-parties that Plaintiffs would move to compel production of these materials on January 17, 2024. T-Mobile does not intend to take a position on this dispute, and has agreed to produce all T-Mobile transcripts and the exhibits used in them that it or Sprint had produced in that case once the motion is resolved or all parties have consented. Altice, AT&T, Comcast, and the plaintiff States have informed the parties that they also do not intend to oppose Plaintiffs' motion to compel.[1] To allow the other non-parties time to respond, non-parties will be able to file any oppositions by February 1, 2024, with any replies due on February 8, 2024. *See* Notification of Docket Entry

---

[1] AT&T informed the parties that if any other non-party files an opposition implicating issues other than relevance it reserves the right to join that opposition.

(Jan. 25, 2024), ECF No. 152.  All relevant non-parties have been advised of these deadlines.

## IV.    **Limits on Discovery**

The parties continue to meet and confer about discovery limits.  They agree that the standard number of twenty-five interrogatories are sufficient.  The parties also agree that each of the parties may take ninety total depositions.  Of the ninety total, the parties agree that the limit on depositions of T-Mobile employees will be no more than thirty, absent a showing of good cause; the parties will negotiate a precise limit in good faith as discovery progresses.  The parties also agree to limit 30(b)(6) depositions of T-Mobile and Plaintiffs to fourteen hours total per side, excluding depositions solely for the purpose of document authentication.  The parties agree that the 30(b)(6) depositions will count towards the 90-deposition limit each side faces, that the initial 7 hours of testimony will count as one deposition, and that the second up to 7 hours of testimony will count as one deposition.

## V.    **Third Party Subpoena Responses**

Any party that serves a subpoena upon a third party shall provide notice to other parties consistent with Federal Rule of Civil Procedure 45(a)(4).  The Parties agree that any party that receives documents, responses, and/or objections from a third party in connection with a subpoena will provide those documents, responses, and/or objections to the other parties within three business days of receiving the documents, responses and/or objections.

## VI.    **Status Conferences**

Plaintiffs also respectfully suggest that this Court order a status conference every sixty days to ensure the efficient resolution of this action and adherence to the proposed case schedule.  Seven days prior to each status conference, the parties will file a joint status report on the progress of discovery and any other pertinent matters.  Defendant T-Mobile believes this

proposal is premature and that it encourages the parties to present disputes to the Court, rather than to seek resolution without Court intervention.

## VII.    **Case Schedule Dispute**

The parties agree on a single fact discovery period for all issues relating to class certification and merits.  However, after meeting and conferring, the parties have reached an impasse on how to phase expert discovery, expert depositions, class certification, summary judgment, and *Daubert* briefing.

### A.    Plaintiffs' Proposal

The Schedule Should Have One Expert Discovery Period.  Plaintiffs propose, following the close of all fact discovery, a single expert discovery period and exchange of expert reports for all issues, including both class certification and merits.  A single round of briefing on class certification and any *Daubert* challenges, including any *Daubert* challenges going only to the merits, would follow.  Summary judgment motions, if any, and trial would follow class certification and any *Daubert* challenges.  Specifically, Plaintiffs propose:

| Date | Deadline |
|------|----------|
| Nov. 13, 2025 | Agreed Close of Fact Discovery |
| Dec. 18, 2025 | Deadline to Serve Opening Experts Reports on Class and Merits Issues for Which a Party Bears the Burden of Proof |
| Mar. 19, 2026 | Opposing Expert Reports |
| Apr. 23, 2026 | Rebuttal Expert Reports |
| May 14, 2026 | Deadline to Complete Expert Depositions |
| May 28, 2026 | Class Certification Motions |
| May 28, 2026 | *Daubert* Motions on Class and Merits Issues |
| July 9, 2026 | Class Certification and *Daubert* Oppositions |
| Aug. 6, 2026 | *Daubert* Replies |
| Aug. 13, 2026 | Class Certification Replies |

Plaintiffs' counsel have successfully litigated multiple prior complex antitrust cases with court-approved schedules similar to what Plaintiffs propose here—often with the agreement of the defendants—including several within the Seventh Circuit.  *See, e.g.*, Ex. A, Case Mgmt.

Order No. 1, *Carbone v. Brown Univ.*, No. 22-cv-00125 (N.D. Ill. Sept. 8, 2022), ECF No. 195;

Ex. B, Order, *Uriel Pharm. Health & Welfare Plan v. Advocate Aurora Health, Inc.*, No. 22-cv-

610 (E.D. Wisc. Aug. 16, 2023), ECF No. 41; Ex. C, Prelim. Pretrial Conference Order, *Team*

*Schierl Cos. v. Aspirus, Inc.*, No. 22-cv-00580 (W.D. Wisc. Feb. 24, 2023), ECF No. 35.[2]

    <u>Bifurcation of Expert Discovery Is Inconsistent with Current Antitrust Class Certification.</u>

<u>Standards.</u>  T-Mobile's proposed schedule, by comparison, is antiquated (given current class

certification standards), inefficient, inadequate for the parties' fact discovery needs in this

complex and important case, and unnecessarily duplicative and expensive.  T-Mobile proposes

two largely redundant rounds of expert reports and depositions—back-to-back—one for reports

pertaining to class certification, and then another pertaining to the merits.  Under current

jurisprudence in antitrust litigation, "class" and "merits" reports are necessarily similar and

largely overlapping.  At class certification, Plaintiffs must show that their case as a whole or one

or more of its constituent elements—here, a violation of the antitrust laws (liability), antitrust

injury or antitrust impact (causation), and the quantum of damages—can be proved on a

predominantly classwide basis.  *See, e.g.*, *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036,

1045 (2016) ("When one or more of the central issues in the action are common to the class and

can be said to predominate, the action may be considered proper under Rule 23(b)(3)." (internal

---

[2] *See also, e.g.*, Ex. D, Pretrial Order No. 5, *In re: Google Digital Advertising Antitrust Litig.*, 21-md-3010
(S.D.N.Y. Nov. 21, 2022), ECF No. 394; Ex. E, Case Mgmt. Order, *In re: Geisinger Health & Evangelical
Community Hosp. Healthcare Workers Antitrust Litig.*, No. 4:21-cv-00196 (M.D. Pa. Feb. 7, 2022), ECF No. 80;
Ex. F, Stipulated Order Regarding Am. Case Schedule As Modified, *Simon and Simon, PC. v. Align Tech., Inc.*, No.
3:20-cv-03754 (N.D. Cal. May 13, 2021), ECF No. 106; Ex. G, Scheduling Order, *Fusion Elite All Stars v. Varsity
Brands, LLC*, No. 20-cv-2600 (W.D. Tenn. Oct. 15, 2020), ECF No. 61; Ex. H, Case Mgmt. Order No. 1, *In Re:
Broiler Chicken Grower Antitrust Litig.*, No. 6:17-cv-00033 (E.D. Okla. Apr. 13, 2020), ECF No. 312; Ex. I, Further
Am. Scheduling Order, *In re Lipitor Antitrust Litig.*, No. 3:12-cv-02389 (D.N.J. Oct. 1, 2019), ECF No. 899; Ex. J,
Corrected Seventh Am. Scheduling Order, *In re: Niaspan Antitrust Litig.*, No. 13-MD-2460 (E.D. Pa. Nov. 16,
2018), ECF No. 570; Ex. K, Scheduling Order, *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (E.D.N.Y.
April 10, 2017), ECF No. 177; Ex. L, Scheduling Order Regarding Discovery & Briefing on Mot. for Class Certif.,
*In re: Domestic Airline Travel Antitrust Litig.*, MDL No. 2656, 14-MC-01404 (D.D.C. Jan. 30, 2017), ECF No. 152;
Ex. M, Discovery Plan & Scheduling Order at 1, *Le v. Zuffa, LLC*, No. 2-15-cv-01045 (D. Nev. Oct. 14, 2016), ECF
No. 311.

quotation marks omitted)); *see also Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (class certification analysis in antitrust cases will "frequently entail overlap with the merits of the plaintiff's underlying claim," because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action" (internal quotation marks and citations omitted)). The best way to show that Plaintiffs' case can be established based on classwide proof is to lay out that proof. That is what Plaintiffs' experts will do in their class certification reports, the same as they would do in any freestanding merits reports. Thus, bifurcating expert reports into two separate rounds would be needlessly expensive and redundant. Or, As Judge Chang recently observed in an antitrust class action:

> In this case, there will likely be substantial overlap between the issues underlying the propriety of certification and those underlying the merits of the current Plaintiffs' claims. It would be artificial to divorce the two for purposes of discovery, so splitting them up would waste more time than gained and would likely lead to disputes over the proper classification of discovery (which in turn would lead to more delay). Yes, if certification is denied, then the merits expert discovery would possibly go to waste (the Plaintiffs insist they would pursue the case even without certification). But waiting many, many months to start merits expert discovery 100% guarantees delay if certification is granted. So discovery (including expert discovery) shall cover both certification and the merits of the current Plaintiffs' claims.

Ex. N, Minute Entry, *Sky Federal Credit Union v. Fair Isaac Corp.*, No. 20-cv-2114 (N.D. Ill. Oct. 17, 2023), ECF No. 180. Like in *Fair Isaac*, Plaintiffs here intend to pursue the merits of their case through summary judgment and trial even if class certification is denied; to be sure, while classwide damages may be unavailable in the absence of class certification, injunctive relief in an individual suit may well mirror that available to a certified class.

T-Mobile's arguments to the contrary do not support its bifurcated approach. First, T-Mobile claims that the merits issues of liability, causation, and damages are "not at issue" at class certification. Not so. In reality, Plaintiffs have the burden of identifying common evidence capable of proving one (and ideally all) of these elements. *In re Broiler Chicken Antitrust Litig.*,

No. 16-cv-8637, 2022 WL 1720468, at *7 (N.D. Ill. May 27, 2022) (evaluating "sufficiency [of] evidence of causation and damages for purposes of class certification").[3] As this Court knows, the evidentiary submissions on exactly these points at class certification can be immense. And other courts have rejected as pointless the task of parsing out which aspects of these issues qualify as "class" versus "merits" expert discovery, for precisely the same reasons that they generally avoid bifurcated *fact* discovery. Ex. N, Minute Entry, *Fair Isaac*, ECF No. 180 ("splitting [class and merits expert discovery] up would . . . lead to dispute over the proper classification of discovery" and ordering one round of expert reports on both class and merits).

      <u>Bifurcation of Expert Discovery Would Cause Undue Delay.</u> Although T-Mobile did not provide a schedule for post-class certification matters, T-Mobile will likely propose a similarly drawn-out schedule for merits experts, a redundant second round of *Daubert* briefing relating to merits expert reports, and another round of expert depositions before summary judgment briefing. This could add a year or more to the schedule, which is particularly problematic given T-Mobile's purported concern that the passage of time makes structural remedies more difficult. Plaintiffs' schedule avoids this unnecessary—and, according to T-Mobile, harmful—delay.[4]

      T-Mobile also argues that until a class or subclass is certified, it is impossible to determine the boundaries of merits expert discovery. Perhaps there are some class actions where this might be true, but in antitrust class actions generally, and this antitrust class action in particular, it is not. As T-Mobile knows, Plaintiffs propose a class of all AT&T and Verizon

---

[3] *See also, e.g.*, *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 595-96, 601 (N.D. Ill. 2015) (class certification analysis examines whether "antitrust impact is capable of proof at trial through evidence that is common" and "a reliable method of measuring classwide damages based on common proof" exists), *aff'd*, 831 F.3d 919, 929 (7th Cir. 2016) (evaluating "whether the class can point to common proof that will establish antitrust injury").

[4] T-Mobile's assertion that its schedule would add only seven months to the case is wrong because it ignores that T-Mobile is contemplating—but has not yet proposed dates for—a second round of *Daubert* briefing on merits issues, which would extend the case far beyond the seven months provided in their current schedule to allow for briefing and a ruling on that duplicative motion practice.

customers from the date of the Sprint-T-Mobile merger until the present. If the Court certifies a class or subclass that is smaller than that defined class then the only consequence is that the aggregate classwide damages would be reduced commensurate with the reduction in class members. This is a formulaic calculation that does not require reopening expert discovery. Indeed, when this Court granted summary judgment in favor of some, but not all, co-conspirators in *Broiler Chicken*, trial commenced thereafter without new merits expert reports to account for the smaller class that would proceed to trial. Minute Entry, *In re Broiler Chicken Antitrust Litig.*, No. 16-cv-8637, (N.D. Ill. July 11, 2023), ECF No. 6647 ("the trial will proceed as scheduled").[5]

Bifurcation Will Lead to Inefficiencies and Prejudice Plaintiffs. Still other inefficiencies and unfairness abound under T-Mobile's bifurcated approach. Under T-Mobile's proposal, T-Mobile's challenges to Plaintiffs' expert opinions will be unknown when Plaintiffs file their class certification motion. This means the Court will receive an opening brief deprived of a robust accounting of the parties' dueling contentions. T-Mobile also proposes to get the last word on class certification issues (despite Plaintiffs bearing the burden of proof) by placing its class certification *Daubert* reply after Plaintiffs' class reply. Under T-Mobile's proposal, if Plaintiffs use a common expert at class certification and merits, T-Mobile would doubtless ask that they be deposed at least twice, possibly more. And T-Mobile's desire to reserve for the later in the case opinions about its affirmative defenses does not justify a second duplicative round of merits reports and a year or more of delay; to the contrary, the common or individual nature of the proof of those defenses bears directly on class certification. *Jones v. BRG Sports, Inc.*, No. 18-cv-7250, 2019 WL 3554374, at *5 (N.D. Ill. Aug. 1, 2019) (defendant claimed "individualized questions

[5] For the same reason, T-Mobile's objection that merits discovery cannot commence until class opt outs are received rings hollow. Individual damages claims here will be too small to justify more than a *de minimis* number of opt outs pursuing individual litigation. *Carnegie v. Household Intern., Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("only a lunatic or a fanatic sues for $30").

related to its affirmative defenses . . . will overwhelm any common questions").[6]

For these reasons, Plaintiffs respectfully submit that the Court should order one round of expert reports covering class certification and merits issues.

B.    Defendant T-Mobile's Proposal

T-Mobile proposes the following case schedule:

| Day | Deadline |
|---|---|
| June 14, 2024 | Deadline to Begin Rolling Productions of Documents Responsive to First Set of Requests for Production |
| June 14, 2024 | Deadline to Meet and Confer Regarding Setting Deadline to Complete Production of T-Mobile's Production of Structured Data |
| Oct. 24, 2024 | Deadline to Amend Complaint Without Leave of Court |
| Nov. 13, 2025 | Close of Fact Discovery |
| Dec. 18, 2025 | Deadline to Serve Motion for Class Certification and any Expert Reports in Support of Same |
| March 19, 2026 | Deadline to Oppose Class Certification, including any Expert Reports and *Daubert* Motions |
| May 21, 2026 | Deadline to Serve Reply in Support of Class Certification Motion, Rebuttal Expert Reports, Opposition to and *Daubert* Motions (if any) |
| June 25, 2026 | Deadline for Defendant's Reply in Support of *Daubert* Motion, and Opposition Briefs to Plaintiffs' *Daubert* Motions, if any |
| July 23, 2026 | Deadline for Plaintiff Replies in Support of *Daubert* Motions, if any |
| 90 days after a ruling on Class Certification | Deadline for Merits Expert Reports |
| 90 days after Expert Reports are due | Deadline for Merits Rebuttal Expert Reports |
| 45 days after Rebuttal Reports | Close of Expert Discovery |

T-Mobile's proposed schedule provides that Plaintiffs file any expert declarations that they intend to rely on for class certification with their motions for class certification. Defendants would similarly file any supporting expert declarations with their class certification oppositions. The

---

[6] If the Court decides to endorse T-Mobile's two-round approach, Plaintiffs respectfully ask that the Court adopt a schedule that allows flexibility for Plaintiffs (but does not require them) to move for class certification prior to the close of fact discovery if Plaintiffs determine it is possible to do so, in order to potentially mitigate the delay inherent in T-Mobile's bifurcated approach to expert discovery.

Rule 26(a)(2) expert disclosures on merits and damages issues would then follow this Court's ruling on class certification. T-Mobile believes that its proposed schedule provides the most orderly and efficient way to manage the case, and ensures that merits reports address the claims actually before the Court. This approach is consistent with recent scheduling orders in antitrust class actions nationwide, including in this Court, which similarly have reserved merits expert discovery until after the completion of the class certification process. *See* Ex. O, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. May 13, 2021), ECF Nos. 3788, 4641, 5422, 5685; Ex. P, *Ploss v. Kraft Food Grps.*, No. 1:15-cv-02937 (N.D. Ill. June 26, 2020), ECF Nos. 162, 364; Ex. Q, *Deslandes v. McDonald's USA, LLC*, No. 1:17-cv-04857 (N.D. Ill. Jan. 23, 2020), ECF Nos. 201, 263; Ex. R, Third Amd. Scheduling Order, *Kleen Prods. LLC v. Packaging Corp. of Am.*, No. 1:10-cv-05711 (N.D. Ill. September 3, 2014), ECF No. 733.

Plaintiffs' proposal would have the parties serve their Rule 26 expert reports on the merits—which will address liability, causation and damages—prior to a ruling by this Court on class certification. This sequencing is contrary to Rule 23's instruction that courts must decide whether to certify an action as a class action "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Rule 23 and Supreme Court precedent dictate that "[m]erits questions may be considered . . . only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 n.6 (2011)); Adv. Comm. 2003 Note on subd. (c)(1) of Fed. Rule Civ. Proc. 23, 28 U.S.C. App., p. 144 ("[A]n evaluation of the probable outcome on the merits is not properly part of the certification decision."). The Seventh Circuit is in accord. *See Eddlemon v. Bradley Univ.*, 65 F.4th 335, 341 (7th Cir. 2023) ("At the class certification stage . . . the court must walk a balance between

evaluating evidence to determine whether a common question exists and predominates, without weighing that evidence to determine whether the plaintiff class will ultimately prevail on the merits." (cleaned up)). Thus, contrary to Plaintiffs' suggestion, merits questions not related to the Rule 23 prerequisites are not at issue during class certification and that conclusion supports T-Mobile's dual expert disclosure proposal. Moreover, the very case Plaintiffs cite to support their proposal adopted a schedule that sequenced merits expert disclosures after the Court's decision on class certification, as T-Mobile proposes here, *see* Ex. O, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. May 13, 2021), ECF Nos. 3788, 4641, 5422, 5685.

A sequence such as that proposed by T-Mobile will afford the parties and their experts the benefit of this Court's ruling on class certification, including whether any class will be certified, which claims are at issue, who may be in that class, and whether there are subclasses, prior to having their experts submit final reports on merits and damages issues—which must necessarily take into account the final class definition and which invariably will address substantive issues like evidence that supports T-Mobile's affirmative defenses, which are not necessarily intertwined in the question of whether the alleged claims can be litigated on a classwide basis.

There are several practical reasons for deciding class certification before the parties serve final expert reports. A class certification decision frames the scope of the class and claims, and final expert opinions cannot be drafted without knowing who is in (and who is out) of any class—including whether and how many members decide to opt-out. For instance, an expert cannot reasonably opine on the existence or quantum of any damages without knowing the size (if any) of the class or the claims that were allowed to proceed on a classwide basis. If merits reports are served before class certification, it would lead to the scenario where *everyone's* experts are offering competing damages calculations without relation to the case proceeding to trial. Antitrust cases

often involve economic questions the court need not wrestle with at the class certification stage. Similarly, technical expert opinion regarding the telecommunications industry may be critical to the jury's understanding of the case, but not relevant to any Rule 23 criteria. How those and other merits opinions are presented will necessarily depend on the shape of the case after class certification, and an expert's role is to assist the jury in interpreting the facts and applying them to the claims of any class to address issues like liability and damages. *See United States v. Navarro*, 90 F.3d 1245, 1261 (7th Cir. 1996) ("Under Rule 702, expert testimony may be admitted if the witness' expertise is helpful to the jury's understanding of the case."). Locking experts into opinions without clarity on the scope of the class or certified claims would serve only to confuse the jury, render the expert's opinions less useful, and waste time. *See* Fed. R. Evid. 702 Adv. Comm. Notes (observing that opinions that are unhelpful to the factfinder are "superfluous and a waste of time"). Further, if the Court denies class certification (as T-Mobile will contend it should), then the scope of any merits reports will likely be substantially different as well.

For all the practical reasons above, courts in this district routinely order parties in antitrust class actions to brief class certification before merits expert reports are due. *See, e.g.*, Ex. S., Scheduling Order, *Moehrl v. Nat'l Assoc. of Realtors*, No. 1:19-cv-01610-ARW (N.D. Ill. Nov. 6, 2020), ECF No. 196 (after setting the expert disclosure schedule for the class certification stage, noting that the "Court will set a schedule for merits expert discovery . . . at a later date"), ECF No. 362 ("Defendants will have another opportunity to depose Plaintiffs' experts during merits expert discovery."), ECF No. 424; Ex. O, Scheduling Order Nos. 14, 15, 17, 18, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. May 13, 2021), ECF Nos. 3788, 4641, 5422, 5685. This is consistent with the approach taken by courts outside of this district as well. *See, e.g.*, Ex. T, Amended Scheduling Order, *Corrente v. Charles Schwab Corp.*, No. 4:22-cv-00470-ALM

(E.D. Tex. Nov. 8, 2023), ECF No. 101; Ex. U, Scheduling Order, *Hubbard v. NCAA*, No. 4:23-cv-01593 (N.D. Cal. Nov. 3, 2023), ECF No. 134; Ex. V, Stip. & Order Setting Case Man. Sch., *So v. HP, Inc.*, No. 5:22-cv-02327-PCP (N.D. Cal. Oct. 19, 2023), ECF No. 66; Ex. W, Joint Stip. & Order re: Discovery & Pre-Trial Deadlines, *Wickham v. Schenker, Inc.*, No. 5:23-cv-00946-PCP (N.D. Cal. Nov. 14, 2023), ECF No. 55; Ex. X, *In re Pork Litig.*, No. 21-md-02998-JRT-HB, (D. Minn. Jan 10, 2022), ECF No. 65; Ex. Y, Scheduling Order *In re Polyurethane Foam Antitrust Litig.*, No. 1:10-md-02196-JZ (N.D. Ohio April 24, 2014), ECF 1137; Ex. Z, Scheduling Order, *In re OSB Antitrust Litig.*, No. 2:06-cv-00826-TR, (E.D. Penn. May 25, 2006), ECF No. 78. This year, multiple courts **have** adopted T-Mobile's proposed approach, which undermines Plaintiffs' depiction of it as "antiquated." And, while some courts have adopted Plaintiffs' approach, many of those cases are distinguishable—as Plaintiffs concede—because it was "often with the agreement of the defendants." *See e.g.*, Ex. A, *Carbone v. Brown Univ.*, No. 22 cv-00125 (N.D. Ill. Sept. 8, 2022), ECF No. 195; Ex. B, *Uriel Pharm. Health & Welfare Plan v. Advocate Aurora Health*, *Inc.*, No. 22-cv-610 (E.D. Wisc. Aug. 16, 2023), ECF No. 41. Moreover, the Minute Order that Plaintiffs cite recognizes that where the case at the merits stage differs from the case at the class certification stage, pre-class certification merits expert discovery will "go to waste." *See* Ex. N, Minute Order, *Sky Fed. Credit Union v. Fair Isaac Corp.*, No. 20-cv-2114 (N.D. Ill. Oct. 17, 2023), ECF No. 180.

Plaintiffs are wrong when they contend that the scope of the class certification analysis substantially overlaps with the issues that will be addressed by the merits expert reports. There are certain fundamental merits inquiries that are not at issue at the class certification stage—including liability, causation, and damages. The composition of the class—and whether any class is certified at all—will necessarily drive the scope of final expert reports on issues such as the

existence and quantum of damages. That said, if Plaintiffs believe their expert report from class certification covers everything they need for merits and damages, they are of course free to use the same report and/or modify it based on the class certification ruling and/or other merits issues. Further, T-Mobile's proposal is not to "split" class and merits expert discovery as Plaintiffs suggest. Instead, T-Mobile's proposal is that class certification-related expert discovery is focused on the parameters of Rule 23, and merits expert discovery is focused on the merits of the case before the Court. And, contrary to Plaintiffs' suggestion that T-Mobile's approach would "add a year or more to the schedule," T-Mobile proposed a schedule that efficiently, timely and appropriately completes merits expert disclosure and discovery in approximately seven months.[7]

---

[7] Contrary to Plaintiffs' assertion that briefing *Daubert* issues with merits expert discovery would extend the case schedule, *Daubert* motions can be handled concurrently with dispositive motions or within the Court's pre-trial *motion in limine* schedule. *Daubert* motions would not necessarily add time to the schedule.

Dated: January 30, 2024        */s/*      *Brendan P. Glackin*

Brendan P. Glackin (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Nicholas W. Lee (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
Jules A. Ross (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com

Gary I. Smith Jr. (*pro hac vice*)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (267) 702-2318
gsmith@hausfeld.com

Hill Brakefield (*pro hac vice*)
HAUSFELD LLP
888 16th Street N.W., Suite 300
Washington, D.C. 20006
Phone: (202) 540-7200
hbrakefield@hausfeld.com

Eric L. Cramer (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (415) 215-0962
Phone: (215) 715-3256
ecramer@bm.net
njacobs@bm.net

Robert Litan (*pro hac vice*)
BERGER MONTAGUE PC
2001 Pennsylvania Avenue, NW, Suite 300
Washington, D.C. 20006
Phone: (202) 559-9745
rlitan@bm.net

- 15 -

Joshua P. Davis (*pro hac vice forthcoming*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 215-0962
jdavis@bm.net

*Interim Co-Lead Class Counsel for Plaintiffs and the
Proposed Class*

Kenneth N. Flaxman
ARDC No. 830399
Joel Flaxman
ARDC No. 6292818
LAW OFFICES OF KENNETH N. FLAXMAN P.C.
200 S Michigan Ave., Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
jaf@kenlaw.com
knf@kenlaw.com

*Interim Liaison Counsel for Plaintiffs and the
Proposed Class*

*/s/      Rachel S. Brass*
Clifford C. Histed
ARDC No. 6226815
Michael E. Martinez
ARDC No. 6275452
K&L GATES LLP
70 West Madison Street
Suite 3300
Chicago, IL 60602-4207
Phone: 312-807-4448
clifford.histed@klgates.com
michael.martinez@klgates.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
Daniel G. Swanson (pro hac vice)
Rodney J. Stone (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Phone: 213-229-7000
TBoutrous@gibsondunn.com
DSwanson@gibsondunn.com
RStone@gibsondunn.com

Rachel S. Brass (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Phone: 415-393-8200
RBrass@gibsondunn.com

Josh Krevitt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193 USA
Phone: 212-351-4000
JKrevitt@gibsondunn.com

*Counsel for T-Mobile US, Inc.*

## CERTIFICATE OF SERVICE

I, Rachel S. Brass, an attorney, hereby certify that this **Joint Status Report** was electronically filed on January 30, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

Respectfully submitted,

/s/        *Rachel S. Brass*
Rachel S. Brass (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
San Francisco, CA 94111-3715
Phone: 415-393-8200
RBrass@gibsondunn.com

*Counsel for T-Mobile US, Inc.*