IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DEUTSCHE TELEKOM AG, and T-MOBILE US, INC.,<br><br>Defendants. | Case No. 1:22-cv-03189<br><br>Hon. Thomas M. Durkin<br><br>Hon. Jeffrey Cole<br><br>**STIPULATION AND**<br>**FEDERAL RULES of EVIDENCE**<br>**502(d) Order** |

Plaintiffs and Defendant T-Mobile US, Inc. ("T-Mobile" and, together, "the parties") by and through their respective counsel, hereby agree that the following Stipulation and [Proposed] Order (the "Order") shall govern the disclosure of privileged information in the above-captioned case.

**1. DEFINITIONS**

1.1 "Document" shall have the meaning contemplated by Federal Rule of Civil Procedure 34(a)(1)(A).

1.2 "ESI" is an abbreviation of "electronically stored information" and shall have the same meaning and scope as it has in Federal Rule of Civil Procedure 34(a)(1)(A).

1.3 "Identified Materials" means any Documents or ESI a party requests to clawback under this Order.

1.4 "Information" means Documents, testimony and ESI.

- 1 -

1.5 "Producing Party" means any party or third party that produces information, Documents or ESI in the litigation.

1.6 "Receiving Party" means any party that receives information, Documents, or ESI produced in the litigation, as well as third-parties authorized under the Protective Order to receive information, Documents or ESI produced in the litigation.

## 2. DISCLOSURE OF PRIVILEGED OR PROTECTED INFORMATION

2.1 <u>Subject Matter Waiver.</u> Subject matter waiver shall be governed by Federal Rule of Evidence 502(a).

2.2 Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of privilege shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding, except as provided in this Paragraph 2. This includes, but is not limited to, Information and related material that is subject to the attorney-client privilege including common interest privilege, the work-product doctrine, or any other reasonably applicable privilege. For example, the mere production of privileged or work-product-protected documents in this case as part of a production is not itself a waiver in this case or in any other federal or state proceeding, except as provided in this Paragraph 2. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2.3 Assertion of Clawback. If the Producing Party discovers that privileged or otherwise protected Information ("Identified Materials") has been produced—or if the Receiving Party has reason to believe discovery material is privileged or otherwise protected and so notified the Producing Party—the Producing Party shall provide within thirty (30) business days of

- 3 -

discovery written notice of the claim of privilege over the Identified Materials to the Receiving Party ("Clawback Notice"), including the basis for the claim of privilege, consistent with Federal Rules of Civil Procedure 26. If the Producing Party claims that only a portion of the Identified Materials contains privileged or protected material, the Producing Party shall also provide a new copy or copies of the Identified Materials with the relevant material redacted concurrent with the notification, or as soon thereafter as is reasonably practicable.

    a) <u>Ineligibility for Clawback.</u> A Document is not eligible for clawback pursuant to this Order in the following circumstances:

        i. a Receiving Party used the Document at a deposition where the holder of the privilege was present and fifteen (15) business days have passed;

        ii. a Receiving Party used the Document at a deposition where the holder of the privilege was not present and twenty (20) business days have passed since the exhibits of the deposition have become available through the court reporter;

        iii. a Receiving Party used the Document in an Expert Report and thirty (30) business days have passed since the Expert Report was served;

        iv. a Receiving Party used the Document in a Court filing in this action (with the exception of a motion pursuant to this Order) and twenty (20) business days have passed since the Court filing was served; and

        v. a Receiving Party listed the Document in its exhibit list for trial and twenty (20) business days have passed since the exhibit list for trial was served.

      vi.    the Producing Party affirmatively used the Document in a deposition, in an expert report, in a Court filing or proceedings in this action (with the exception of filings or proceedings concerning the assertion of privilege), and/or in its exhibit list for trial.

b)    <u>Clawbacks Before Depositions.</u> If a Party attempts to clawback a Document authored or received by an individual who is scheduled for a deposition within 14 days of the date of the deposition, and the propriety of the clawback is not resolved pursuant to Paragraph 2.5 prior to the date of the deposition, then the Parties will meet and confer on the appropriate course of action, which may, but need not necessarily, include:

      i.    rescheduling the deposition until the issue is resolved by the Court;

      ii.    conferring prior to the deposition to determine if the Identified Materials may be used in the deposition subject to agreed-upon limitations;

      iii.    calling the Court if the clawback is made during the deposition to determine if immediate resolution is possible; and/or

      iv.    allowing the Party resisting the clawback to recall the deponent for the sole and exclusive purpose of questioning the deponent on the Identified Materials at issue if the Court subsequently determines the clawback was improper (if exercised, recalling the deponent for this purpose will not count against the total number of depositions or deposition hours to which the Party resisting the clawback is entitled).

c)    <u>Failure of Contemporaneous Objection at Deposition.</u> If a Receiving Party uses a Document at a deposition that is later successfully clawed-back, and

the holder of the privilege was present at that deposition but failed to make a contemporaneous objection, the Parties shall meet and confer about the necessity of reopening the deposition.

2.4     Receipt of Clawback Notice – Challenge. If a Receiving Party intends to challenge a clawback, the Receiving Party shall give the Producing Party written notice of its challenge (and the reasons therefor) ("Challenge Notice") within ten (10) business days of receiving the Clawback Notice. However, to the extent that a Producing Party seeks to claw back more than 100 Documents within a 7-day period, the Receiving Party shall be provided an additional ten (10) business days from receiving the Clawback Notice to provide the Challenge Notice. Within ten (10) business days of the Producing Party's receipt of the Challenge Notice, the parties shall meet and confer in good faith to resolve their disagreement.

(a)     Throughout the pendency of the challenge, the Receiving Party must sequester the Identified Materials and any notes and/or work product (including portions of work product) reflecting the contents and/or substantive information contained within any Identified Materials or permanently delete or destroy them. The Receiving Party may make no use of and may not view the Identified Material and any notes and/or work product (including portions of work product) reflecting the contents and/or substantive information contained within any Identified Materials during any aspect of this case, or any other case, or for any other purpose, including in depositions or at trial, unless (a) the Producing Party agrees in writing that the Identified Material is not privileged or protected, or (b) the Court rules that the Identified Material is not privileged or protected.

(b)     If the parties are unable to resolve their disagreement, the Receiving Party must file a motion to compel the production of the Identified Materials within thirty (30) days of its

notice challenging the assertion of privilege or work product protection, unless otherwise agreed by the parties. If necessary, Receiving Party may apply to file the Identified Materials under seal with the Court for purposes of the resolution of the clawback challenge. Pending the Court's ruling, the Receiving Party shall not reference, review, or make any use of the Identified Materials and any notes and/or work product (including portions of work product) reflecting the contents and/or substantive information contained within any Identified Materials. If the Court rules that the Identified Materials are privileged or otherwise protected from disclosure, within ten (10) business days of the Court's ruling, the Receiving Party must discard the Information in accordance with the procedure set forth in Paragraph 2.5 and 2.6.

2.5 Receipt of Clawback Notice – No Challenge. Upon receipt of a Clawback Notice, and if the Receiving Party does not give the Producing Party the Challenge Notice within the time period set forth in paragraph 2.4, the Receiving Party shall use reasonable best efforts to promptly permanently delete or destroy the Identified Materials and any notes and/or work product (including portions of work product) reflecting the contents and/or substantive information contained within any Identified Materials. The Identified Materials and any notes and/or work product (including portions of work product) reflecting the contents and/or substantive information contained within any Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made. If the Receiving Party has shared the document with any third parties such as clients, experts and/or consultants, they must provide written instruction to those third parties that they must comply with the requirements of

this Order. They must also require written confirmation of compliance.

2.6     Derivative Work Product: If a Clawback Notice is issued, any analyses, memoranda, notes, and/or other work product that were internally generated based upon produced Identified Material shall be destroyed, redacted, or modified to delete the Identified Material in the event that (a) the Receiving Party does not challenge that the Identified Material is privileged or protected, or (b) the Court rules that the Identified Material is privileged or protected. Such analyses, memoranda, notes and/or other work product may only be returned to their intended purpose or original form, as applicable, in the event that (a) the Producing Party agrees in writing that the Identified Material is not privileged or protected, or (b) the Court rules that the Identified Material is not privileged or protected.

2.7     Failure of a Receiving Party to challenge a Clawback Notice under Paragraph 2.4 does not prevent that Receiving Party from later challenging a claimed privilege or protection regarding the Identified Materials in the ordinary course pursuant to the ESI Protocol. The prospect of any such subsequent challenge does not relieve the Receiving Party from its obligations to abide by Paragraphs 2.5 and 2.6 if the Receiving Party does not challenge the Clawback Notice within the time period set forth in Paragraph 2.4.

2.8     The Parties may stipulate to extend the time periods set forth in this Paragraph 2.

2.9     Nothing contained herein is intended or shall serve to limit a party's right to conduct a review of any material or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

**IT IS SO ORDERED.**

DATED: August 15, 2024

_Thomas M Durkin_
Hon. Thomas M. Durkin
United States District Judge

Dated: August 14, 2024

*[signature]*

Swathi Bojedla (*pro hac vice*)
Hill Brakefield (*pro hac vice*)
HAUSFELD LLP
888 16th Street N.W., Suite 300
Washington, D.C. 20006
Phone: (202) 540-7200
hbrakefield@hausfeld.com
sbojedla@hausfeld.com

Gary I. Smith Jr. (*pro hac vice*)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (267) 702-2318
gsmith@hausfeld.com

Brendan P. Glackin (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Nicholas W. Lee (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
Jules A. Ross (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com

Eric L. Cramer (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (415) 215-0962
Phone: (215) 715-3256
ecramer@bm.net
njacobs@bm.net

Robert Litan (*pro hac vice*)
BERGER MONTAGUE PC
1001 G St, N.W. Suite 400 East
Washington, D.C. 20001
Phone: (202) 559-9745
rlitan@bm.net

Joshua P. Davis (*pro hac vice*)
Kyla Gibboney (*pro hac vice*)
Julie Pollock (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class*

Kenneth N. Flaxman
ARDC No. 830399
Joel Flaxman
ARDC No. 6292818
LAW OFFICES OF KENNETH N. FLAXMAN P.C.
200 S Michigan Ave., Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
jaf@kenlaw.com
knf@kenlaw.com

*Interim Liaison Counsel for Plaintiffs and the Proposed Class*

*/s/ Alicia Hawley*

Rachel S. Brass (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Phone: 415-393-8200
RBrass@gibsondunn.com

Theodore J. Boutrous, Jr. (*pro hac vice*)
Daniel G. Swanson (*pro hac vice*)
Rodney J. Stone (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Phone: 213-229-7000
TBoutrous@gibsondunn.com
DSwanson@gibsondunn.com
RStone@gibsondunn.com

Josh Krevitt (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193 USA
Phone: 212-351-4000
JKrevitt@gibsondunn.com

Clifford C. Histed
ARDC No. 6226815
Michael E. Martinez
ARDC No. 6275452
Alicia M. Hawley
ARDC No. 6277624
K&L GATES LLP
70 West Madison Street
Suite 3300
Chicago, IL 60602-4207
Phone: 312-807-4448
clifford.histed@klgates.com
michael.martinez@klgates.com
alicia.hawley@klgates.com

*Counsel for T-Mobile US, Inc.*

**CERTIFICATE OF SERVICE**

  I, Swathi Bojedla, an attorney, hereby certify that this STIPULATION AND [proposed] FEDERAL RULES of EVIDENCE 502(d) Order was electronically filed on August 14, 2024, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

              Respectfully submitted,

              Swathi Bojedla
              *Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class*