IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE TELEKOM AG, and T-MOBILE US, INC., <br><br> Defendants. | Case No. 1:22-cv-03189 <br><br> Hon. Thomas M. Durkin <br><br> Hon. Jeffrey Cole <br><br> **JOINT STATUS REPORT** |

Plaintiffs and Defendant T-Mobile US, Inc. ("T-Mobile"), together "the parties," respectfully submit this Joint Status Report to update the Court on their discovery progress.

**I.      Party Discovery**

Plaintiffs and T-Mobile reached a global compromise on Plaintiffs' First and Second Set of Requests for Production on March 20, 2025. For Plaintiffs' Third Set of Requests for Production, the parties have exchanged final positions and are determining whether those positions are satisfactory or if motion practice will be required.

As of the date of this status report, T-Mobile has produced over 5.4 million documents to Plaintiffs, consisting of more than 35.7 million pages and 1.3 million native files which total nearly 8 terabytes of data. T-Mobile made its first custodial production on December 31, 2024 and has produced over 1.3 million custodial documents since then. It anticipates being substantially

1

complete with its custodial productions on or around April 21, 2025, with only those files underlying privilege review remaining. T-Mobile completed the production of its subscriber-level structured data on February 27, 2025. T-Mobile anticipates producing data concerning T-Mobile's network, spectrum and cell sites before the end of April, after which all T-Mobile-related structured data production will be complete. T-Mobile is continuing to work on the production of data concerning Sprint's and DISH's Boost subscribers, which it anticipates completing by end of May or early June.

Plaintiffs substantially completed production on February 28, 2025 upon completing production of documents responsive to the 123 search terms the parties had then agreed upon. In preparing that production, Plaintiffs discovered a single device had been imaged but inadvertently not reviewed, informed Defendants of such, and promptly reviewed that device's documents. As of April 2, 2025, Plaintiffs had produced all documents responsive to 123 of the 126 search terms then-agreed upon by all parties. Plaintiffs are currently reviewing documents responsive to the final three search terms following the parties' recent agreement and plan to complete any supplemental production by April 30, 2025.

## II. Nonparty Discovery

Plaintiffs and T-Mobile are continuing to negotiate with various nonparties regarding their responses to the parties' subpoenas. To date, T-Mobile has served 22 nonparty subpoenas and Plaintiffs have served 24 subpoenas, 22 of which overlap with T-Mobile's subpoenas. The adequacy of the existing confidentiality order is a common issue affecting the timing of production for most of the nonparties. That issue will be briefed in a joint submission that will be filed on April 17, 2025, in accordance with the procedure previously submitted to the Court. (Dkt. 250).

The progress on the negotiations concerning other issues vary by nonparty, with some reaching impasse that has necessitated motion practice. For DISH, for example, Plaintiffs and T-Mobile each moved to compel on March 21, 2025. DISH filed its opposition to the opening briefs on April 11, 2025, and Plaintiffs' and T-Mobile's replies are due on April 21, 2025. (Dkt. 253-19). For AT&T, Plaintiffs moved to compel on March 21, 2025 and T-Mobile filed its statement of interest on March 28, 2025. AT&T filed its opposition on April 11, 2025 and Plaintiffs' and T-Mobile's replies are due on April 18, 2025. (Dkt. 257-17). As directed by the Court, the parties and nonparties will further meet and confer once all of the briefs are filed and will report their progress to the Court.

For Verizon, Plaintiffs are attempting to reach a compromise but will otherwise need to file a motion to enforce the subpoena in April. T-Mobile is continuing to meet and confer with Verizon and does not have any disputes that require the Court's intervention at this time. Should that change, T-Mobile will coordinate with Plaintiffs on the presentation of the disputes to the Court.

For other nonparties, the parties are continuing to work to resolve or substantially narrow any disputes. For Softbank, Plaintiffs reached compromise on February 27, 2025, and Plaintiffs reproduced to T-Mobile on April 7, 2025 what SoftBank reproduced to Plaintiffs from pre-merger litigation and investigations. Some of the other nonparties, such as Google, Consumer Cellular and Charter, have made initial production of documents, and the parties are conferring with them on the remaining document requests. Others have not yet made any productions but are still engaging in good-faith negotiations to reach agreement on the scope of their document productions. Many of the nonparties are awaiting resolution of the pending confidentiality order issue, and the parties anticipate that once that is settled, further productions will occur, and other

3

disputes will crystalize. If the parties and nonparties cannot resolve those disputes, additional motion practice before this and other courts may be needed.

### III. T-Mobile's Proposal to Streamline Motions to Compel Nonparty Subpoenas

<u>T-Mobile's Position</u>: T-Mobile has carefully reviewed the Court's April 1, 2025 Minute Entry Order (Dkt. 277) and engaged in additional discussions about streamlining the presentation of disputes involving nonparties to the Court. T-Mobile proposes a streamlined briefing process whereby the parties and the relevant nonparty would file a single joint submission to the Court that includes statements for Plaintiffs, T-Mobile and the relevant nonparty. Prior to filing any submission with the Court, the parties and nonparties would exchange their statements over email pursuant to the following briefing schedule:

> **(1)** the parties would simultaneously share their draft individual statements (not to exceed 10-pages per party) with the nonparty at the same time on the same date;
>
> **(2)** 14 days later, the nonparty would share its statement, not to exceed 15 pages in the event of filings by both parties, and not to exceed 10 pages in the event of a single-party dispute; and
>
> **(3)** 7 days later, the parties would simultaneously circulate any necessary revisions to their statement and file the joint statement.

This process results in one filing that is, at most, 35 pages. Plaintiffs propose below that the page limits for these statements should be 15 pages per party and 25 pages for nonparties. T-Mobile believes the Court should adopt its proposed page limits because the standard page limit for briefs—even motions for summary judgment—in the N.D. Ill. is 15 pages and we see no reason why the parties cannot brief a discovery dispute in fewer pages than this default. L.R. 7.1. If any party believes there is good cause for more than 10 pages per party to present the dispute to the Court, the parties agree that such a request can be made following meet and confer.

T-Mobile has experience with these procedures in N.D. Ill., N.D. Cal., C.D. Cal, and other courts and believe it works well. The parties would also endeavor to limit exhibits to these filings based on the Court's guidance and would welcome the opportunity to discuss any specific Court preferences at the status conference. T-Mobile's proposal allows a party to submit a statement, even if that party is not seeking to compel production from the nonparty. Plaintiffs' argument below that it is improper for a party to object to discovery sought by another party from a nonparty is incorrect. *See* Fed. R. Civ. P. 45 Adv. Comm. Note (Rule 45(a)(4) added for the "purpose of enabling the other parties to object" to a document subpoena served on a nonparty). Also, because both parties are generally seeking the same information from nonparties here, it will benefit the Court to hear the views of each party as to the most efficient means of obtaining given categories of information. For example, Plaintiffs are seeking broad custodial searches from AT&T which, in T-Mobile's view, will be inefficient and will frustrate both parties' need for timely discovery about AT&T's competitive decision-making. T-Mobile is entitled to object to Plaintiffs' inefficient proposal, because that proposal would impact T-Mobile's ability to obtain relevant discovery and would impose burdens on T-Mobile, given that the proposal would likely result in the production of substantial volumes of irrelevant materials. If this same dispute is presented as to another third party, T-Mobile would not intend to file duplicative papers, but there may well be additional future disputes where the views of all parties aid the Court, even if a motion is not being filed.

T-Mobile would like to discuss this proposal with the Court during the April 21, 2025 status conference, and if the Court is agreeable to this proposal, it respectfully requests that the Court enter a minute entry order adopting this streamlined motion practice for future disputes with nonparties before the Court. Regarding Magistrate Judge's upcoming retirement, T-Mobile

5

believes its proposal will benefit the ongoing administration of nonparty discovery and the Court's successor will appreciate coming into a matter where agreement has been reached and adopted.

Plaintiffs' Position: Plaintiffs are amenable to T-Mobile's proposal to streamline motion to compel briefing and believe streamlining would be beneficial. However, given Magistrate Judge Cole's upcoming retirement and the fact that another Magistrate Judge may oversee future disputes with nonparties, Plaintiffs respectfully suggest imposing a framework for motion to compel briefing after another Magistrate Judge is assigned to the case in order to enter a framework that accords with his or her preferences.

If the Court is inclined to impose a framework for motion to compel briefing now, Plaintiffs request two modifications to the framework proposed by T-Mobile. *First*, that page limits for any motion to compel dispute concerning Verizon—a critical nonparty and the largest remaining nonparty against which motion practice might be necessary—be expanded to 15 pages for opening statements from the parties and 15 pages for responsive statements from the nonparty (expanded to 25 pages if both parties file opening statements). *Second*, that the Court order that a party is only entitled to exchange and submit a statement on its own requests for production and shall not be entitled, without prior leave of Court, to oppose or weigh in on the relevance of propriety of another party's request. The second request is necessitated by T-Mobile's improper statement of interest concerning Plaintiffs' motion to compel directed at AT&T. (Dkt. 275). In that statement, T-Mobile opposed custodial document searches by AT&T, in an apparent attempt to deny Plaintiffs timely discovery into AT&T's competitive decision making, which T-Mobile itself has described as central to the validity of Plaintiffs' claims. This intervention prejudices Plaintiffs, who must now respond not just to AT&T's opposition brief but also T-Mobile's responsive brief urging the Court to deny Plaintiffs' requested discovery of AT&T. The Federal Rules do not afford T-Mobile a

responsive brief to a motion to compel directed at a nonparty and if T-Mobile wishes to file such a brief in the future, it should request leave to do so. It should not be provided the opportunity to frustrate or oppose Plaintiffs' efforts to obtain critical discovery from nonparties as of right (burdening the litigants and the Court with unnecessary briefing), as T-Mobile's existing framework would permit it to do so.

IV. **Joint Stipulation and Proposed Order Regarding Expert Discovery**

On December 5, 2024, the parties submitted a joint stipulation and proposed order regarding expert discovery, which has not yet been entered as an order. Should the Court have any questions on the proposed order, the parties will be prepared to address them at the status conference.

Dated: April 14, 2025

/s/ *Brendan P. Glackin*
Brendan P. Glackin (pro hac vice)
Lin Y. Chan (pro hac vice)
Nicholas W. Lee (pro hac vice)
Sarah D. Zandi (pro hac vice)
Jules A. Ross (pro hac vice)
Courtney J. Liss (pro hac vice)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com
cliss@lchb.com

Swathi Bojedla (pro hac vice)
Jose Roman Lavergne (pro hac vice)
Shana Herman (pro hac vice)
HAUSFELD LLP
1200 17th Street NW, Suite 600
Washington, D.C. 20036

7

Phone: (202) 540-7200
sbojedla@hausfeld.com
jlavergne@hausfeld.com
sherman@hausfeld.com

Gary I. Smith, Jr. (pro hac vice)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Phone: (267) 702-2318
gsmith@hausfeld.com

Renner Walker (pro hac vice)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Phone: (646) 357-1100
rwalker@hausfeld.com

Eric L. Cramer (pro hac vice)
Jeremy Gradwohl (pro hac vice)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (415) 215-0962
Phone: (215) 715-3256
ecramer@bm.net
jgradwohl@bm.net

Robert Litan (pro hac vice)
BERGER MONTAGUE PC
1001 G St, N.W. Suite 400 East
Washington, D.C. 20001
Phone: (202) 559-9740
rlitan@bm.net

Joshua P. Davis (pro hac vice)
Kyla Gibboney (pro hac vice)
Julie Pollock (pro hac vice)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class*

Kenneth N. Flaxman ARDC No. 830399
Joel Flaxman ARDC No. 6292818
LAW OFFICES OF KENNETH N. FLAXMAN P.C.
200 S Michigan Ave., Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
jaf@kenlaw.com
knf@kenlaw.com

*Interim Liaison Counsel for Plaintiffs and the Proposed Class*

/s/ Rachel S. Brass
Rachel S. Brass (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center Suite 2600
San Francisco, CA 94111-3715
Phone: 415-393-8200
RBrass@gibsondunn.com

Daniel G. Swanson (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Phone: 213-229-7000
DSwanson@gibsondunn.com

Josh Krevitt (pro hac vice)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue New York, NY 10166-0193 USA
Phone: 212-351-4000
JKrevitt@gibsondunn.com

Clifford C. Histed ARDC No. 6226815
Michael E. Martinez ARDC No. 6275452
K&L GATES LLP
70 West Madison Street Suite 3300
Chicago, IL 60602-4207
Phone: 312-807-4448
clifford.histed@klgates.com
michael.martinez@klgates.com

*Counsel for T-Mobile US, Inc.*

## CERTIFICATE OF SERVICE

I, Brendan P. Glackin, an attorney, hereby certify that this **Joint Status Report** was electronically filed on April 14, 2025, and will be served electronically via the Court's ECF Notice system upon the registered parties of record.

Respectfully submitted,

*/s/ Brendan P. Glackin*
Brendan P. Glackin (pro hac vice)
LIEFF CABRASER HEIMANN & BERNSTEIN,LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com

*Counsel for Plaintiffs and the Proposed Class*
