**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> DEUTSCHE TELEKOM AG, and T-MOBILE US, INC., <br><br> Defendants. | Case No. 1:22-cv-03189 <br><br> Hon. Thomas M. Durkin <br><br> Hon. Albert Berry III |

## <u>AMENDED AGREED CONFIDENTIALITY ORDER</u>

The Parties to this Amended Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.** All documents, electronically stored information, items, and other materials produced or adduced in the course of discovery, regardless of the medium or manner generated, stored, maintained or revealed (including initial disclosures, responses to discovery requests, deposition testimony and exhibits), and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential or Highly Confidential Information as defined below. This Order shall apply to any named Party to this action (including all of its officers, directors, employees, retained experts, and outside counsel and their support staff), and to Non-Parties who agree to be bound by this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods. This Agreed Confidentiality Order shall be applied in conjunction with, and construed with reference to, other orders of the Court concerning discovery, including the Document Production Protocol Order and the 502(d) Order entered in this matter.

2. **Definitions.**

A. "**Competitive Decision-Making**" means decision-making relating to a competitor, potential competitor, customer, or distribution partner including decisions regarding contracts, marketing, pricing, product or service development or design, product or service offerings, research and development, or licensing, acquisition, or enforcement of intellectual property rights, except that any litigation-related decision relating to this Action shall not be considered Competitive Decision-Making.

B. "**Confidential Information**" means any document, or any portion thereof, designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Producing Party that contains confidential or proprietary business, commercial, research, personnel, product or financial content. By way of example only, Confidential Information may include but is not limited to: (a) information prohibited from disclosure by statute, contractual agreement or orders of the court or regulatory agencies; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the Party has maintained as confidential; (d) personnel or employment records of a person who is not a Party to the case; or (e) information that has been designated as Confidential or its equivalent designation in any prior litigation or regulatory proceedings. Information or documents that are available to the public may not be designated as

Confidential Information.

C.     "**Designated In-House Counsel**" means up to two (2) In-House Counsel designated by Defendant who may be authorized to access Highly Confidential Information pursuant to Paragraph 4(B)(2)(b) of this Order.

D.     "**Designating Party**" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

E.     "**Foreign Law Protected Material**" means Documents or other Electronically Stored Information subject to the laws, orders, or rules of a foreign nation  or organization, including but not limited to: Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("The Hague Convention"), Japan's Act on the Protection of Personal Information or "APPI," the Directive 95/46/EC of the European Parliament and of the Council of 24 October 1995 on the Protection of Individuals with Regard to the Processing of Personal Data and on the Free Movement of Such Data, 1995 O.J. (L281/31) / Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, and repealing Directive 95/46/EC ("General Data Protection Regulation" or "GDPR") (L119/1), the Federal Data Protection Act of 30 June 2017 (Federal Law Gazette I p. 2097), as last amended by Article 10 of the Act of 23 June 2021 (Federal Law Gazette I, p. 1858; 2022 I p. 1045) ("German Federal Data Protection Act" or "Bundesdatenschutzgesetz" or "BDSG"), Act on

Data Protection and Privacy of Telecommunication and Telemedia Services (TTDSG) effective December 1, 2021, Directive 2002/58/EC as amended by Directive 2009/136/EC, and the Amended Act on the Protection of Personal Information, Amendment Bill of the Act on the Protection of Personal Information, etc., submitted to the ordinary session (201st Session) of the Diet on 10th March 2020, as approved by the Diet on 5th June 2020 and promulgated on 12th June 2020.

F.   "**Highly Confidential Information**" means any document, or any portion thereof, designated as "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" by the Producing Party that meets the criteria for Confidential Information and the disclosure of which may cause injury to the business, commercial, competitive, financial or legal interests of the Producing Party or Non-Party.  By way of example only, Highly Confidential Information may include but is not limited to: (a) Foreign Law Protected Material; (b) current or future business strategies and other strategic planning information; (c) projections or plans regarding performance, budgets, production, output, sales, marketing or distribution practices; (d) research and development information; (e) manufacturing know-how or technology; (f) board of directors materials and presentations; (g) customer lists or information; (h) negotiation strategies; (i) proprietary software systems, or processes; (j) margin, cost, and pricing information; (k) intellectual property; (l) Personal Data or Personally Identifiable Information; (m) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (n) medical information concerning any individual; or (o)

information that has been designated as Highly Confidential or its equivalent designation in any prior litigation or regulatory proceedings. Highly Confidential Information may also include personnel files or other Personal Data or Personally Identifiable Information if applicable privacy law requires heightened protection.

G.  "**In-House Counsel**" means attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

H.  "**Non-Party**" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

I.  "**Outside Counsel**" means attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

J.  "**Party**" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

K.  "**Personal Data**" or "**Personally Identifiable Information**" or "**PII**" means information in any format about an identifiable individual, including but not limited to, bank or credit card account number(s), personal passwords, information on the medical or health of an individual, social security numbers, personal information of minor children, national or state identification numbers, passport information or other information of a personal or sensitive nature.

L.  "**Producing Party**" means any Party or Non-Party that produces document(s) in

this action.

M.  "**Protected Material**" means any document that is designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

N.  "**Receiving Party**" means any Party that receives document(s) from a Producing Party.

O.  "**Structured Data**" means data stored in a structured format, such as databases or data sets according to specific form and content rules as defined by each field of the database.  Structured Data does not include summaries or analyses of data contained in expert reports, briefs, deposition transcripts, or attorney work product.

3.  **Designation.**

A.  A Party may designate a document as Confidential or Highly Confidential  for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document in accordance with the Order Regarding Production Of Electronically Stored Information And Paper Documents entered in this case. To the extent a document is produced in a form in which placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT  TO PROTECTIVE ORDER" on the document is not practicable, the Producing Party may designate the document as Confidential or Highly Confidential by way of written communication, including a cover letter, slip sheet, or by affixing a label to

the production media containing the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential or Highly Confidential Information. The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

B.     Deposition testimony may be designated as Confidential or Highly Confidential on the record, if and as appropriate.  Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of thirty (30) days after the final transcript is issued by the court reporter. If counsel for the Party being deposed states on the record that the deposition testimony should be treated as Highly Confidential Information, such testimony will be treated as Highly Confidential Information for

the thirty (30) day period following the court reporter's delivery of the final transcript to the Party being deposed. No later than the thirtieth day after the final transcript is delivered by the court reporter, a Party may serve a Notice of Designation to all Parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designed Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall thereafter provide an updated final copy of the transcript that reflects any designations of pages of the transcript as Confidential or Highly Confidential Information on each designated page.

4.      **Protection of Confidential or Highly Confidential Material.**

A.      **General Protections.** A Receiving Party may use material that is disclosed or produced by another Party or by a Non-Party in connection with this action only for the prosecution or defense of claims, including any appeal thereof or the settlement of this action. Further, Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

B.      **Limited Disclosures.**

1.      Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose Confidential Information only to:

a.      **Outside Counsel or In-House Counsel**. Outside or In House Counsel for the Parties and employees of such counsel who have responsibility for the preparation and trial of the action;

b.      **Parties.** Individual Parties and current or former officers, directors or employees of a Party but only to the extent counsel determines in good faith basis for believing such Confidential Information is

relevant to events, transactions, discussions, communications or data about which the individual Party, current or former officer, director or employee has knowledge, and disclosure to such individual Party, current or former officer, director or employee is limited to the portion of the document about such events, transactions, discussions, communications, or data, and such Party, current or former officer, director or employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. In this proposed class action, defendants' Confidential Information may be disclosed only to the named plaintiffs;

c. **The Court.** The Court and its personnel;

d. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

e. **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents and discovery technicians;

f. **Consultants and Experts.** Outside consultants, investigators, or experts (not current employees of a Party or the Party's affiliates) retained by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

g. **Witnesses.** During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good faith basis for believing such Confidential Information is relevant to events, transactions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Prior to the disclosure, the deposing Party shall ensure that such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. The Parties reserve their right to object to the disclosure of Confidential Information to a

deposition witness that (i) has not previously authored or received such Confidential Information (ii) who has not, by virtue of the witness's current or former employment position, had access to the Confidential Information, or (iii) where the Confidential Information does not purport to describe statement(s) made by or conduct undertaken by the witness. If a document purports to describe a witness' statement(s) or conduct, but the witness was not the author or recipient of the Confidential Information and did not otherwise have access to it, only the portions of the Confidential Information necessary to fairly examine the witness will be disclosed to the witness (e.g., the portions of the Confidential Information describing the statement(s) or conduct purportedly attributable to the witness, date and time information, and the identity of the individual(s) that is (are) describing the witness' purported statement(s) or conduct) and the remainder of the Confidential Information in the document shall be redacted. Before a witness is shown Confidential Information that they were not either (i) the author or recipient of or (ii) had access to by virtue of the witness's current or former employment, the Confidential Information will be shown to counsel for the Producing Party to allow the Producing Party to object to the disclosure, if any. The Party intending to disclose any document containing Confidential Information to any witness who is not (i) the author or recipient of the document or (ii) had access to the document by virtue of the witness's current or former employment may not do so unless and until any objections are resolved either through mutual agreement or by a court order. Agreement to allow a particular witness access to a document is not and shall not be construed as a waiver of any objections to allowing access to any other witness.

h. **Author or recipient.** The author or recipient of the document (not including a person who received the document in the course of litigation); and

i. **Mock Jury Participants.** Mock jury participants may review such documents only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and after counsel for the Party making the disclosure explains that such person is bound to follow the terms of this Order; provided mock jury participants shall not have access to Structured Data produced by a Non-Party (but may review summaries or reports of such data).

2. Unless otherwise ordered by the court or permitted in writing by the Producing Party, a Receiving Party may disclose Highly Confidential

Information only to:

a. **Outside Counsel.** Outside Counsel for the Parties and employees of such counsel;

b. **Designated In-House Counsel.**

    i. Defendant may disclose Highly Confidential Information other than Highly Confidential Structured Data to no more than two (2) in-house counsel with responsibilities for the litigation of this Action who do not participate in Competitive Decision-Making at the Defendant. The following procedures must be followed to qualify for access under this provision:

    1) Designated In-House counsel first execute a Designated In-House Counsel Agreement Concerning Confidentiality appended hereto as Attachment B (which executed versions shall be maintained by Outside Counsel for Defendant and available for inspection upon the request of the Court or any Producing Party). The in-house counsel to whom Defendant wishes to share Highly Confidential Information must have responsibilities for the litigation of this action and not currently, and for a period of nine (9) months following the last occasion on which Highly Confidential Information is disclosed to such in-house counsel, participate in or advise on Competitive Decision-Making at the company.

    2) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, before disclosing any information designated as Highly Confidential Information to the Defendant's Designated In-House Counsel, Defendant must provide to Plaintiffs and the Designating Party a Notice of Designated In-House Counsel, which shall include a written statement that (a) sets forth the full name of the Designated House Counsel and the city and state of his or her residence, and (b) describes the Designated In-House Counsel's past, current, and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if Designated In-House Counsel is involved, or may become involved, in any Competitive Decision-Making.

    3) Defendant may disclose Highly Confidential Information to its Designated In-House Counsel unless the Defendant receives a written objection from Plaintiffs or any

Designating Party within 10 days of Defendant's Notice of its Designated In-House Counsel.

4)     If Defendant receives a timely written objection to the Notice of its Designated In-House Counsel, Defendant must meet and confer with producing party to try to resolve the matter by agreement within ten (10) days of the written objection. If no agreement is reached, the producing party will then have ten (10) days to file a motion with the Court, objecting to Designated In-House Counsel. Defendant shall not disclose any Highly Confidential Information to the proposed Designated In-House Counsel pending resolution of the dispute. If the Court finds the Designated In- House Counsel to not be engaged in Competitive Decision-Making, Defendant shall be permitted to disclose Highly Confidential Information to its Designated In-House Counsel.

5)     If at any time Defendant decides to replace a Designated In-House Counsel, Defendant must provide to Plaintiffs and the Designating Party a Notice of Designated In-House Counsel and follow the same procedure as set forth above in subsections (1) through (4) of this provision

ii.     Designated In-House Counsel approved in accordance with subparagraphs i(1)-(4) shall review underlying Highly Confidential Information using a secure document platform or electronic data room with individual login identifications and passwords or in person at the offices of their Outside Counsel (except this restriction shall not apply to Designated In-House Counsel's review of Court orders, draft and final versions of pleadings, motions and other briefs, deposition and hearing transcripts, and expert reports containing Highly Confidential Information so long as Designated In-House Counsel takes reasonable precautions to protect any Highly Confidential Information in such materials);

iii.     Plaintiffs reserve the right to object to any motion by Defendant to amend this Order to allow disclosure of Highly Confidential Information to additional in-house counsel;

c.     **The Court.** The Court and its personnel;

d.     **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

e.     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically

stored documents and discovery technicians;

f.    **Consultants and Experts.** Outside consultants, investigators, or experts (not current employees of a Party or the Party's affiliates) retained by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A to this Order.

g.    **Witnesses.** During depositions or testimony at trial or any hearing, witnesses in this action to whom disclosure is reasonably necessary, provided that counsel for the Party intending to disclose the information has a good-faith basis for believing such Highly Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Prior to the disclosure, the deposing Party shall ensure that such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed testimony or exhibits to depositions that are designated as Highly Confidential Information may not be disclosed to anyone except as permitted under this Order. The Parties reserve their right to object to the disclosure of Highly Confidential Information to a deposition witness that (i) has not previously authored or received such Highly Confidential Information (ii) who has not, by virtue of the witness's current or former employment position, had access to the Highly Confidential Information, or (iii) where the Highly Confidential Information does not purport to describe statement(s) made by or conduct undertaken by the witness. If a document purports to describe a witness' statement(s) or conduct, but the witness was not the author or recipient of the Highly Confidential Information and did not otherwise have access to it, only the portions of the Highly Confidential Information necessary to fairly examine the witness will be disclosed to the witness (e.g., the portions of the Highly Confidential Information describing the statement(s) or conduct purportedly attributable to the witness, date and time information, and the identity of the individual(s) that is (are) describing the witness' purported statement(s) or conduct) and the remainder of the Highly Confidential Information in the document shall be redacted. Before a witness is shown Highly Confidential Information that they were not either (i) the author or recipient of or (i) had access to by virtue of the witness's current or former employment, the Highly Confidential Information will be shown to counsel for the Producing Party to allow the Producing Party to object to the disclosure, if any.

The Party intending to disclose any document containing Highly Confidential Information to any witness who is not (i) the author or recipient of the document or (ii) had access to the document by virtue of the witness's current or former employment may not do so unless and until any objections are resolved either through mutual agreement or by a court order. Agreement to allow a particular witness access to a document is not and shall not be construed as a waiver of any objections to allowing access to any other witness.

h.    **Author or Recipient.** The author or recipient of the document (not including a person who received the document solely in the course of litigation). Where the author or recipient is a former employee of the producing party, the deposing Party shall ensure that such persons have completed the certification contained in Attachment A; and

i.    **Mock Jury Participants.** Mock jury participants may review such documents only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound and after counsel for the Party making the disclosure explains that such person is bound to follow the terms of this Order; provided mock jury participants shall not have access to Structured Data produced by a Non-Party (but may review summaries or reports of such data).

C.    **Data Security and Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential or Highly Confidential Information.

1.    Standard of Care: The Receiving Party shall maintain any Protected Material that is provided under the Confidentiality Order in a secure and safe manner that ensures that access is limited to the persons authorized under this Confidentiality Order. The Receiving Party shall exercise a standard of due and proper care (at least the same care as it would apply to its own material of the same or comparable sensitivity) with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material,

including the use of eDiscovery vendors or claims administrators capable of complying with such laws to store such documents. All copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are based.

2.    Highly Confidential Information, material designated Highly Confidential, and Structured Data[1]: A Receiving Party and its authorized designees entitled to handle Highly Confidential Information and Structured Data that is designated Confidential or Highly Confidential Information under this Order must:

a.    Establish and maintain an information security program that is designed: (i) to ensure the security and confidentiality of Highly Confidential Information and Structured Data that is Confidential or Highly Confidential Information; (ii) to protect against any anticipated threats or hazards to the security or integrity of Highly Confidential Information and Structured Data that is Confidential or Highly Confidential Information; (iii) to protect against unauthorized access to, or use of, Highly Confidential Information and Structured Data that is Confidential or Highly Confidential Information; (iv) to ensure the proper disposal of Highly Confidential Information and Structured Data that is Confidential or Highly Confidential Information; and (v) to ensure that all Contractors of the Receiving Party, if any, comply with all of the foregoing.  In no case shall the safeguards of the information security program be less stringent than then-current industry standard good practices as defined in the ISO 27001, NIST 800-53 "Moderate," or Cobit 5 control frameworks.  To the extent a Receiving Party does not have a written information security program, it may comply with this provision by having the Highly Confidential Information and Structured Data that is Confidential or Highly Confidential Information hosted and managed by an

---

[1]    For the avoidance of doubt, treatment of "material designated Highly Confidential" means database hosting of the raw materials and structured data as produced and designated.  It does not include work product by attorneys or experts that attaches, references or quotes such material and data, such as court filings, depositions, internal memos and communications, and other cited materials.

eDiscovery vendor or another provider that maintains a compliant information security program.

b.    Maintain material designated Highly Confidential and Structured Data that is Confidential or Highly Confidential Information in electronic format in a secure litigation support site(s) that applies standard industry practices regarding data security, including but not limited to application of access control rights to those persons entitled to access Highly Confidential Information and Structured Data that is Confidential or Highly Confidential Information under this Order;

c.    Employ continuous threat monitoring tools and practices designed to detect and address potential security threats in real time. These practices shall include regular scanning of networks, applications, and systems for vulnerabilities; continuous monitoring of system logs, event data, and user activities for anomalous or suspicious behavior; the use of advanced threat detection technologies such as Endpoint Detection and Response (EDR) and Security Information and Event Management (SIEM) tools to proactively identify and mitigate threats.

d.    Maintain an effective Intrusion Detection System (IDS) and Intrusion Prevention System (IPS) to continuously monitor all networks, systems, and environments where sensitive information is stored, transmitted, or processed. This system must monitor network traffic for unauthorized access attempts, unusual activity, and potential breaches; utilize signature-based and anomaly-based detection mechanisms to identify potential threats; and generate alerts for suspicious activity, which must be promptly investigated and remediated.

e.    Ensure that all access, transmission, and modification of material designated Highly Confidential and Structured Data designated Confidential or Highly Confidential are auditable. This includes maintaining detailed audit logs of all data access, processing activities, and security incidents; ensuring that logs include information on the user, time of access, and the specific actions taken; preserving audit logs for at least twelve (12) months following the return or destruction of such material designated Highly Confidential and Confidential or Highly Confidential Information in accordance with this Order.

f.    Employ encryption methods compliant with Federal Information Processing Standards (FIPS) to protect the confidentiality and integrity of material designated Highly Confidential and Confidential or Highly Confidential Structured Data. Such

information must be encrypted both at rest and in transit. Information at rest (stored on physical or electronic media or any system) shall be encrypted using Advanced Encryption Standard (AES) with a key size of at least 256 bits. Data in transit shall be encrypted using Transport Layer Security (TLS) 1.2 or higher. When transmitting any portion of such Highly Confidential Information and Confidential or Highly Confidential Structured Data, Parties and designees shall use secure and encrypted channels used for business purposes; they shall not transmit, or store any such information on unsecured channels that do not meet the requirements of this Section 4.C.2, such as free personal email accounts like Gmail, Hotmail, and the like.

g.  Maintain any material designated Highly Confidential and Structured Data that is Confidential or Highly Confidential Information that exists in hard-copy format in a secure location with access limited to persons entitled to access Highly Confidential Information and Structured Data that is Confidential or Highly Confidential Information under this Order.

3.  Foreign Law Protected Material: The recipient of Foreign Law Protected Material shall protect these materials with the same degree of care that they use to protect and safeguard their own proprietary information. Any such copies, reproductions, extraction, or abstractions are subject to the same restrictions and controls. Further, for Foreign Law Protected Material, a Party will make best efforts to have Protected Material managed or stored with eDiscovery vendors that maintain an information security program.

4.  Loss of Protected Material or Breach of Security: If a Receiving Party or authorized recipient discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access or any actual or suspected unauthorized acquisition, relating to a Producing Party's Protected Material, the Receiving Party or authorized recipient shall: (i) promptly provide written notice to the Producing Party of such breach within 72 hours of the Receiving Party or authorized recipient's discovery

of the loss or breach; (ii) provide sufficient information about the loss or breach that the Producing Party can reasonably ascertain the size and scope of the loss or breach; and (iii) take all appropriate corrective actions to terminate the unauthorized access and cooperate with Producing Party in any investigation to identify potential threats resulting from the loss or breach of the Protected Material.

a. If required by any judicial or governmental request, requirement or order to disclose information regarding loss of Protected Material or a breach of security, the Receiving Party shall take all reasonable and lawful steps to give the Designating Party sufficient prior notice in order to contest such request, requirement or order through legal means. The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident.

b. If the unauthorized access, acquisition, use, or disclosure of the Confidential or Highly Confidential requires notice to individuals, organizations or regulators under applicable law, then the Receiving Party shall, at their own cost, cooperate with the Designating Party regarding provision of such notice.

5. Other Provision: Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. Segregation of Data: Documents produced in this litigation shall be maintained in a distinct database, separate from any other documents, including those produced by a Producing Party in a separate litigation. A Receiving Party may not co-mingle Protected Material with materials from any other litigation or matter.

7. Artificial Intelligence: A Receiving Party may not upload or input any Protected Material, including excerpts from Protected Material, into any

open-source generative artificial intelligence system (e.g. ChatGPT, Google Bard, etc.). To the extent the Receiving Party wants to utilize private and segregated generative artificial environments, the Receiving Party shall provide the Producing Party with the security and privacy protections maintained by the AI tool and agree to meet and confer should the Receiving Party have any objections. The obligations and restrictions of this paragraph apply even where the Protected Material has been anonymized.

5. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential or Highly Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a Party designates a document as Confidential or Highly Confidential Information after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential Information.

6. **Filing of Confidential or Highly Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. If a Designating Party wishes to file any Protected Material in connection with a motion, brief, or other submission to the Court it must comply with Local Civil Rule 26.2 and with the CM/ECF Administrative Guide for the United States District Court for the Northern District of Illinois. If a non-designating Party or Parties

19

wishes to file any Protected Material in connection with a motion, brief, or other submission to the Court it must seek leave to file it under seal temporarily so the Designating Party or Parties can attempt to make the showings required by Local Civil Rule 26.2. The Designating Party or Parties shall have twenty-one (21) days to file the motion required by Local Rule 26.2 and the non-designating Parties will have fourteen (14) days to respond. A Party may only move to permanently seal a document it, in good faith, believes meets the legal standard for sealing, even if the Party has previously marked such material under this order.

7.      **Greater Protection of Specific Documents.** Compliance with this Order shall not be interpreted to require disclosure of information potentially protected by the attorney-client privilege, the work product doctrine, as Foreign Law Protected Material, or any other applicable privilege or protection.

8.      **Challenges by a Party to Designation as Confidential or Highly Confidential Information.** The designation of any material or document as Confidential or Highly Confidential Information is subject to challenge by any Party. The following procedure shall apply to any such challenge.

      A.      **Meet and Confer**. A Party challenging the designation of Confidential or Highly Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within ten (10) business days of the meet and

confer, unless the volume of documents challenged makes a longer period of time reasonably necessary.

B. **Judicial Intervention.** A Party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential or Highly Confidential Information under the terms of this Order.

9. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a Party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Use of Confidential or Highly Confidential Documents or Information at Hearings or Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A Party that intends to present or that anticipates that another Party may present Confidential or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Non-Party Discovery.** The Parties in conducting discovery from Non-Parties shall attach this Order to a copy of any subpoena or other discovery request. To the extent subpoenas are sent

before the entry of this Order, copies of the Order will be provided to the subpoena recipients within five (5) days of the entry of the Order. Non-Parties from whom discovery is requested are entitled to the protections of this Order in responding to such requests.

**12.    Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    A.    If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Highly Confidential Information, the Receiving Party must so notify the Designating Party, by emailing counsel of record, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

    B.    The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena to issue.

    C.    The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its Confidential or Highly Confidential Information in the court from which the subpoena or order issued. The Designating Party shall bear the burden and the expense of seeking protection in that court of its Confidential or Highly Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

directive from another court. The obligations set forth in this paragraph remain in effect while the Party has in its possession, custody or control Confidential or Highly Confidential Information by a Designating Party to this case.

13. **Challenges by Members of the Public to Sealing Orders.** If a Party or interested member of the public challenges the sealing of particular documents that have been filed under seal, the Designating Party will have the burden of demonstrating the propriety of filing under seal.

14. **Obligations on Conclusion of Litigation.**

    A.    **Order Continues in Force.** Unless otherwise ordered by the Court upon notice to all parties and non-parties entitled to the protection of this Order (with an opportunity to be heard), this Order shall not be modified and shall remain in force after dismissal or entry of final judgment not subject to further appeal. Parties will provide non-parties notice within 72 hours of any planned modification to or discontinuation of this order. Non-parties will have 5 business days to alert parties of any intent to challenge the proposed change, and 10 business days to submit any statement or brief in support of any such challenge.

    B.    **Obligations at Conclusion of Litigation.** Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Protected Material shall be returned to the Producing Party or destroyed unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return;[2] or (3) as to

---

[2] The Parties may choose to agree that the Receiving Party shall destroy documents containing Protected Material and certify the fact of destruction, and that the Receiving Party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Protected Material, or Protected Material contained in deposition transcripts or drafts or final expert reports.

documents bearing the notations, summations, or other mental impressions of the Receiving Party, that Party elects to destroy the documents and certifies to the Producing Party that it has done so.

C. **Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential or Highly Confidential Information, and (2) one complete set of all (i) documents filed with the Court including those filed under seal, (ii) deposition transcripts and exhibits, and (iii) discovery materials served and disclosed as between the Parties, such as, but limited to, interrogatories, expert reports, and objections and responses to discovery. Any retained Confidential or Highly Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential or Highly Confidential Information. Nothing in this Order shall be construed to require the destruction or return of Confidential or Highly Confidential Information stored in counsels' archives, back- up media or disaster recovery media.

D. **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject

matter.

**16.     No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential or Highly Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17.     Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms. The terms of this Order shall be binding upon all current and future Parties to this action and their counsel. Any Party appearing in this litigation following entry of this Order shall be deemed to have joined the action subject to its provisions, subject to the reservation of the joining Party's right to seek modification or supplementation of this Order.

_/s/ Gary I. Smith Jr._                                      _/s/ Jennifer Milici_

Gary I. Smith Jr. (*pro hac vice*)
**HAUSFELD LLP**
580 California Street, 12th Floor
San Francisco, CA 94111
Phone: (267) 702-2318
gsmith@hausfeld.com

Swathi Bojedla (*pro hac vice*)
Jose Roman Lavergne (*pro hac vice*)
Shana R. Herman (*pro hac vice*)
HAUSFELD LLP
1200 17th Street N.W., Suite 600
Washington, D.C. 20036
Phone: (202) 540-7200
sbojedla@hausfeld.com
jlavergne@hausfeld.com
sherman@hausfeld.com

Renner K. Walker (*pro hac vice*)
HAUSFELD LLP
33 Whitehall St., 14th Floor
New York, NY 10004
Phone: (646) 357-1100
rwalker@hausfeld.com

Brendan P. Glackin (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Nicholas Lee (*pro hac vice*)
Sarah Zandi (*pro hac vice*)
Jules A. Ross (*pro hac vice*)
Courtney J. Liss (*pro hac vice*)
**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com
cliss@lchb.com

Eric L. Cramer (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
**BERGER MONTAGUE PC**

Jennifer Milici
**WILMER CUTLER PICKERING
HALE AND DORR LLP**
2100 Pennsylvania Ave N.W.
Washington, D.C. 20037
Phone: (202) 663-6006
Jennifer.Milici@wilmerhale.com

Rachel S. Brass (*pro hac vice*)
Caeli A. Higney (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street
San Francisco, CA 94105-0921
Phone: 415-393-8200
RBrass@gibsondunn.com
CHigney@gibsondunn.com

Daniel G. Swanson (*pro hac vice*)
Minae Yu (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Phone: 213-229-7000
Dswanson@gibsondunn.com
MYu@gibsondunn.com

Clifford C. Histed
ARDC No. 6226815
Michael E. Martinez
ARDC No. 6275452
Alicia M. Hawley
ARDC No. 6277624
**K&L GATES LLP**
70 West Madison Street Suite 3300
Chicago, IL 60602-4207
Phone: 312-807-4448
clifford.histed@klgates.com
michael.martinez@klgates
Alicia.hawley@klgates.com

*Counsel for Defendant T-Mobile US, Inc.*

1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (415) 215-0962
Phone: (215) 715-3256
ecramer@bm.net
jgradwohl@bm.net

Joshua P. David (*pro hac vice*)
Kyla Gibboney (*pro hac vice*)
Julie Pollock (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Interim Co-Lead Class Counsel for Plaintiffs
and the Proposed Class*

Kenneth N. Flaxman ARDC No. 830399
Joel Flaxman ARDC No. 6292818
**LAW OFFICES OF KENNETH N.
FLAXMAN P.C.**
200 S Michigan Ave., Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
knf@kenlaw.com
jaf@kenlaw.com

*Interim Liaison Counsel for Plaintiffs and
the Proposed Class*

Robert Litan (pro hac vice)
**BERGER MONTAGUE PC**
1001 G St, N.W. Suite 400 East
Washington, D.C. 20001
Phone: (202) 559-9745
rlitan@bm.net

Joshua P. Davis (*pro hac vice* pending)
Kyla Gibboney (*pro hac vice*)
Julie Pollock (*pro hac vice*)
**BERGER MONTAGUE PC**
505 Montgomery Street

Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Interim Co-Lead Class Counsel for*
*Plaintiffs and the Proposed Class*

Dated: July 24, 2025                           Dated: July 24, 2025

**APPROVED AND SO ORDERED.**

Dated: 7/25/25

 

Magistrate Judge Albert Berry III
United States Magistrate Judge

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated, | Case No. 1:22-cv-03189 Hon. Thomas M. Durkin Hon. Albert Berry, III |
| Plaintiffs, | |
| v. | |
| DEUTSCHE TELEKOM AG, and T-MOBILE US, INC., | |
| Defendants. | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, understands

the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction

of the United States District Court for the Northern District of Illinois in matters relating to the

Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her

to use materials designated as Confidential or Highly Confidential Information in accordance with

the Order solely for the purposes of the above-captioned action, and not to disclose any such

Confidential or Highly Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____    _____

Signature

**ATTACHMENT B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated, | Case No. 1:22-cv-03189 |
| Plaintiffs, | Hon. Thomas M. Durkin |
| v. | Hon. Albert Berry, III |
| DEUTSCHE TELEKOM AG, and T-MOBILE US, INC., | |
| Defendants. | |

**IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed as _____ by _____.

I hereby certify that:

1. I have read the Amended Agreed Confidentiality Order in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Amended Agreed Confidentiality Order entered in the above-captioned action, agree that in my role as in-house counsel for the above Defendant company I meet the requirements of Paragraph 4(B)(2)(b) of this Amended Agreed Confidentiality Order, and agree to use the information provided to me only as explicitly provided in this Amended Agreed Confidentiality Order.

3. I understand that my failure to abide by the terms of the Amended Agreed Confidentiality Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.  I submit to the jurisdiction of the United States District Court for the Northern District of Illinois solely for the purpose of enforcing the terms of the Amended Agreed Confidentiality Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

Date: _____     _____

                                           Signature