IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY DALE, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, INC.,<br><br>Defendant. | Case No. 1:22-cv-03189<br><br>Hon. Thomas H. Durkin<br><br>Hon. Albert Berry III |

**DEFENDANT T-MOBILE US, INC.'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

Defendant T-Mobile US, Inc. ("T-Mobile"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(2), hereby submits its Memorandum in Support of T-Mobile's Unopposed Motion for Leave to File an Amended Answer to add an affirmative defense asserting that certain claims are barred by agreements to individually arbitrate.

**I.  Background**

On June 17, 2022, Plaintiffs filed this action on behalf of themselves and a class of "[a]ll persons or entities in the United States who, on or after April 1, 2020 … paid for a national retail mobile wireless plan offered by Verizon or AT&T, on a prepaid or postpaid basis." ECF. No. 1 ¶ 110. T-Mobile filed a Motion to Dismiss Plaintiff's Complaint on December 5, 2022, ECF No. 78, which was denied on November 2, 2023. ECF No. 114. T-Mobile filed its Answer on December 18, 2023. ECF No. 146.

Based on the facts available to T-Mobile, none of the named Plaintiffs have been T-Mobile customers subject to the arbitration clause contained in T-Mobile's Customer Terms and

1

Conditions. In November and December 2025, as part of ongoing discovery, non-parties AT&T and Verizon began producing documents and data identifying customers who have, throughout the relevant period, switched from AT&T and Verizon to T-Mobile. These customers would fall under the putative class definition in Plaintiffs' Complaint, and may have agreed to arbitrate all disputes with T-Mobile on an individual basis. Accordingly, T-Mobile seeks to amend its Answer to add the following defense:

Seventeenth Defense
(Arbitration)
The claims of certain putative class members are barred to the extent they agreed to individually arbitrate their claims.

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." "[The Seventh C]ircuit has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). When deciding to grant leave to amend an answer, Courts consider the following: (1) prejudice; (2) undue delay; (3) bad faith; and (4) the futility of the proposed amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation omitted).

## III. Argument

T-Mobile satisfies each of the standards for leave to amend its Answer.

*First,* there would be no prejudice to Plaintiffs in allowing the amendment. *Stamp v. Brown*, No. 81 C 1475, 1991 WL 28224 at *2-3 (N.D. Ill. Feb. 25, 1991) (finding undue prejudice may result from late amendment if it would further delay the case, require additional discovery, surprise the opposing party, increase expense, deny the opposing party the opportunity to conduct discovery about the new theory, or confuse the jury); *Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005).

2

This arbitration defense will affect only putative class members, none of whom are currently parties to the case. *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011). Fact discovery presently remains open until May 21, 2026; no depositions have been taken, several critical discovery disputes involving AT&T remain pending, no class certification deadline has been set, and the earliest possible trial date is in 2027. Given the discovery progress to date, there is a reasonable likelihood all of those deadlines will be extended, but even if they are not, Plaintiffs have ample opportunity to address the merits of this amendment. *Glob. Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 733 (7th Cir. 2015) ("the district judge should allow the amendment when that would not prejudice the plaintiff's opportunity to address the merits"); *Brama v. Target Corp.,* No. 14 C 6098, 2016 WL 5848911 at *2 (N.D. Ill. Oct. 6, 2016) (finding no prejudice where the proposed amendment would not require additional discovery or require Plaintiff to defend against any new claims).

*Second*, T-Mobile has not unduly delayed in filing the motion. That putative class members may be subject to arbitration agreements with T-Mobile has only become clear after non-party productions over the last two months. As a direct result of this discovery, T-Mobile now seeks to amend the Answer to account for these recently uncovered facts. *See Western Union Co. v. Kula,* No. 17-CV-00280, 2017 WL 11562395 at *2 (N.D. Ill. Jun. 13, 2017); *see also Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) ("delay is an insufficient basis for denying a motion to amend unless this delay results in undue prejudice to the opposing party.").

*Third,* T-Mobile has not acted in bad faith or with a dilatory motive in filing its motion to amend. *DeGeer v. Gillis,* No. 09 C 6974, 2011 WL 13552047 at *1 (N.D. Ill. Mar. 24, 2011). On January 13, 2026, T-Mobile promptly raised the issue of amendment; after counsel for Plaintiffs asked to meet and confer, dates were provided, and such meet and confer occurred. And, as noted

3

above, T-Mobile's proposed amendment is based on recent discovery that gave rise to this defense, and T-Mobile acted in good faith by filing this motion shortly thereafter.

*Finally,* because the amendment concerns only putative class members, none of whom are parties to this action, adding an arbitration-based affirmative defense is not futile. An affirmative defense is futile only if it fails as a matter of law. *Sound of Music Co. v. Minnesota Min. & Mfg. Co.*, 477 F.3d 910, 923 (7th Cir. 2007). But this court has found that a party cannot move to compel arbitration of absent class members prior to class-certification. *Garcia v. JCPenney Corp., Inc.*, No. 12-cv-3687, 2016 WL 878203 at *7 (N.D. Ill. Mar. 8, 2016); *In re Evanston Nw. Corp. Antitrust Litig.*, No. 07–cv–04446, 2013 WL 6490152 at *4 (N.D. Ill. Dec. 10, 2013) (finding that a party cannot "waive [its] arbitration rights against putative class members before class certification."). And, under T-Mobile's arbitration agreement, whether any of those putative class members agreed to arbitrate is a question for the arbitrator, not this Court. *See, e.g., Telephone Inv. USA, Inc. v. Lumen Techs., Inc.,* 2022 WL 2828751, at *4 (N.D. Ill. July 20, 2022) ("incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability."); *Henry Schein, Inc. v. Archer & White Sales, Inc.,* 586 U.S. 63, 68 (2019) (when there is "clear and unmistakable" evidence delegating "questions of arbitrability" to an arbitrator, the court "possesses no power to decide [such] issue[s]" and must compel arbitration).[1]

### IV. Conclusion

T-Mobile respectfully requests this Court grant its Unopposed Motion for Leave to file an Amended Answer. A true and correct copy of T-Mobile's proposed Amended Answer is attached

---

[1] *See* T-Mobile Terms & Conditions, https://www.t-mobile.com/responsibility/legal/terms-and-conditions (visited Jan. 16, 2026); Amer. Arbitration Assoc., AAA Rules, R-7(a), https://adr.org/sites/default/files/Commercial%20Rules.pdf (visited on Jan. 16, 2025).

4

to this Motion as **Exhibit A.** A redlined copy of the Amended Answer is attached to this Motion as **Exhibit B.** In not opposing this Motion, Plaintiffs do not concede the merits of Defendants proposed affirmative defense or the existence or enforceability of any purported arbitration agreements.

DATED: January 29, 2026

Respectfully submitted,

/s/ *Rachel Brass*
Rachel S. Brass (*pro hac vice*)
Caeli A. Higney (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
RBrass@gibsondunn.com
CHigney@gibsondunn.com

Minae Yu (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Myu@gibsondunn.com

Clifford C. Histed
ARDC No. 6226815
Michael E. Martinez
ARDC No. 6275452
**K&L GATES LLP**
70 West Madison Street, Suite 3300
Suite 3300
Chicago, IL 60602-4207
Telephone: (312) 807-4448
clifford.histed@klgates.com
michael.martinez@klgates.com

*Counsel for Defendant T-Mobile US, Inc.*

5

## CERTIFICATE OF SERVICE

  I hereby certify that on January 29, 2026, I electronically filed a copy of the foregoing through the Court's CM/ECF system, which will send notifications of the filing to all counsel of record.

                   */s/ Rachel S. Brass*

                   Rachel S. Brass