# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, INC.,<br><br>Defendant. | Case No. 1:22-cv-03189<br><br>Hon. Thomas M. Durkin<br><br>Hon. Albert Berry III<br><br>**JOINT STATUS REPORT** |

Plaintiffs and Defendant T-Mobile US, Inc. ("T-Mobile"), together "the parties," respectfully submit this Joint Status Report to update the Court on their discovery progress.

## I. Party Discovery

The parties have worked cooperatively to resolve disputes regarding written discovery and data with only issues relating to Sprint data remaining for which negotiations are ongoing. Currently, there are no disputes as to party discovery that require judicial intervention.

Plaintiffs' Document Requests: The parties reached a global compromise on Plaintiffs' First and Second Sets of Requests for Production on March 20, 2025. Since the parties' last status report on June 17, 2025 (Dkt. 314), the parties reached agreement on Plaintiffs' Third Set of Requests for Production on November 6, 2025, and T-Mobile produced materials responsive to these requests on December 10, 2025.

As of the date of this status report, T-Mobile has produced over 5.4 million documents to Plaintiffs consisting of more than 35.7 million pages and 1.3 million native files, all which total nearly 8 terabytes of data. T-Mobile made its first custodial production on December 31, 2024 and has produced over 1.3 million custodial documents since then. T-Mobile is now substantially complete with its custodial ESI productions. On December 23, 2025, Plaintiffs proposed a compromise to resolve the outstanding issues in connection with T-Mobile's Sprint structured data reproduction. These negotiations are ongoing and the parties do not believe that judicial intervention is required at this time.

Defendants' Document Requests: Plaintiffs completed production of Plaintiffs' documents on April 30, 2025.

Depositions: Plaintiffs served a first set of Notices of Deposition for eight deponents on T-Mobile on January 27, 2026. The parties are currently working to schedule those depositions. Plaintiffs anticipate serving a subsequent set or sets of Notices of Deposition in the coming weeks. In the coming weeks, T-Mobile will do the same for the named Plaintiffs' depositions.

**II.      Non-Party Discovery**

The parties continue to negotiate discovery with AT&T, Verizon, DISH, and other non-parties, such as Cable Wireless providers and other Mobile Virtual Network Operators. To date, T-Mobile has served 26 non-party subpoenas and Plaintiffs have served 27 non-party subpoenas, 26 of which overlap with T-Mobile's subpoenas. Although there currently are no issues ripe for intervention in this Court, Plaintiffs anticipate that they may bring a motion to compel against DISH as to the production of certain types of ESI, such as text messages. T-Mobile has filed a motion to compel the Department of Labor to comply with its subpoena. *See* In re Motion to

Compel Compliance with Subpoena Directed to Department of Labor, Case No. 1:25-mc-00173 (D.D.C.).

**A. DISH.**

While Plaintiffs are hopeful that judicial intervention will not be required, Plaintiffs and DISH may come to impasse on the scope of custodial discovery (as well as DISH's failure to preserve ESI) in the coming weeks.

Since the parties' January 6 Joint Status Report Regarding Discovery on DISH (Dkt. 355), Plaintiffs met and conferred with DISH three times by videoconference on January 9, January 16, and January 30, 2026. Plaintiffs worked with T-Mobile to create a single document containing both parties' search terms, including some jointly proposed terms, and provided DISH with these terms on January 23, 2026. DISH provided an updated hit report on January 29. Plaintiffs provided DISH with a narrowed set of Plaintiffs' search terms on February 2, 2026. Plaintiffs, T-Mobile, and DISH jointly met and conferred on February 5, 2026. The parties are continuing to work to reach an agreement on search terms, and no judicial intervention is necessary at this time with respect to search terms.

Separately, Plaintiffs and DISH have attempted over several weeks to negotiate a resolution on different interpretations of the Court's October 3 Order regarding custodial discovery (Dkt. 338). In the January 6 Joint Status Report Regarding Discovery on DISH, Plaintiffs and DISH identified a disagreement regarding whether DISH must produce informal electronic communications, such as SMS/MMS text messages, Slack messages, iMessages, instant messages, and gchats.[1] (*See* Dkt. 355, at 5.) DISH is refusing to produce text messages and other documents

---

[1] For ease of reference, this Joint Status Report generically refers to such informal electronic communications collectively as "text messages" except where necessary to refer to certain types of informal electronic communications more specifically.

3

beyond emails, arguing that text messages were not at issue in the Court's October 3 Order because DISH had "object[ed] to 'the inclusion of [text messages] in [Plaintiffs'] definition of "Document" on the grounds that searching and producing such data would require unreasonable efforts that are disproportionate to the needs of the case, particularly considering DISH's status as a non-party.'" *See* Dkt. 253-4 at 8. DISH claims that it "has not withdrawn this objection and there has been no order overruling it." *See* Email from M. McCarroll dated Jan. 28, 2026. DISH's position regarding the Court's October 3 Order (Dkt. 338) is that "in ordering DISH to produce 'custodial files,' the Court did not order DISH to produce from sources that its Order did not discuss, such as text messages or instant messages." *Id.*

However, Plaintiffs sought text messages from DISH in their October 2022 preservation subpoena. *See* Dkt. 253-2 at 6–7. And Plaintiffs' Motion to Compel sought "email and other records" from DISH's custodians. Dkt. 253 at 9. Plaintiffs explained the relevance of these materials in their motion, noting that, "[d]uring the Merger, Charlie Ergen 'exchanged text messages' with then-Assistant Attorney General Makan Delrahim, who 'advised him on how to secure regulatory approval from the Federal Communications Commission, which also needed to approve the deal.'" *Id.* at 10. While the Court limited the temporal scope of Plaintiffs' Subpoena to post-Merger documents (Dkt. 338 at 6), there is no reason to believe that Mr. Ergen was less likely to conduct business via text message after the Merger.

And when the Court granted Plaintiffs' Motion to Compel, it repeatedly referred to "documents" and "communications"—not merely "emails."[2] *See, e.g.*, Dkt. 338 at 3, 4, 5, 6, 8, 9,

---

[2] After the Court's October 3 Order, when DISH told the parties it would be transferring email data to a vendor to prepare a search term hit report, Plaintiffs responded on October 17, 2025 that DISH should include text messages and other documents in its search term hit reports, "includ[ing], for example but without limitation, text messages from custodians' phones and instant messages such as Google Chats, as well as other documents contained in the custodians' custodial files."

10, 11. DISH's related position that it framed its burden challenge in terms of emails misses the mark: It was DISH's burden to substantiate its challenge regarding undue burden; by not asserting that challenge with respect to text messages, DISH *waived* any argument that producing text messages was unduly burdensome by not making it. *See Avenatti v. Gree USA, Inc.*, No. 2:20-cv-00354-JPH-MJD, 2021 WL 1034392, at *4 (S.D. Ind. Mar. 17, 2021).

Equally surprising, DISH did not "image" the cell phone of its most relevant custodian, CEO and Chairmen Charlie Ergen, *until a month ago*, on January 8, 2026. As a result of its failure to preserve, DISH informed Plaintiffs that there are no text messages[3] in Mr. Ergen's custodial file for what it contends is the "relevant discovery period for this matter (4/1/20-6/31/24)."[4] This is not the first time that DISH failed to preserve relevant electronically stored information.[5] Notwithstanding DISH's objection to the definition of "document," decisions from this explain that the duty to preserve extends to "any and all responsive information *sought* by [a] subpoena,"

---

[3] Although this status report has referred to informal electronic communications generally as "text messages," DISH's representation regarding the non-existence of Mr. Ergen's text messages may or may not apply to other types of informal communications. During a January 30, 2026 meet and confer, DISH indicated that it did not know whether other types of informal electronic communications, such as gchats, instant messages, or messages sent over WhatsApp, Signal, or iMessage have been preserved.

[4] Notably, the Court limited the temporal scope of Plaintiffs' Subpoena to post-Merger documents but did not specify an end-date. *See* Dkt. 338 at 6 ("Therefore, the Court modifies the subpoena to only include documents beginning on the date the T-Mobile/Sprint merger became official – April 1, 2020."). DISH should be searching Mr. Ergen's cell phone for text messages through present day, consistent with the definition of "Relevant Time Period" (as modified by the Cout) in Plaintiffs' Subpoena. *See* Dkt. 253-2 at Instruction No. 13 (pages 13 and 14 of 26).

[5] As Plaintiffs informed the Court in their Status Report Regarding DISH Motion to Compel, DISH disclosed in the spring of 2025 that it deleted the files of at least one custodian (its former Chief Commercial Officer Stephen Bye) in January of 2023. Dkt. 312 at 4. While DISH attempted to disclaim any duty to preserve Mr. Bye's files (again based on an unduly narrow interpretation of Plaintiffs' Subpoena), Plaintiffs pointed out that "*DISH itself* proposed Mr. Bye as one of its four most salient custodians." *Id.* (citing Dkt. 253 at 9; Dkt. 283 at 4 n.3).

not merely what DISH agrees should be produced. *Ervine v. S.B.*, No. 11 C 1187, 2011 WL 867336, at *2 (N.D. Ill. Mar. 10, 2011) (emphasis added).

Plaintiffs and DISH will continue to meet and confer in an effort to resolve these matters. Plaintiffs believe no judicial intervention is required at this time, but may be required if Plaintiffs and DISH are unable to resolve these disputes.

### B. AT&T.

Since the parties' January 6 Joint Written Report Regarding Discovery on AT&T (Dkt. 356), search-term negotiations between Plaintiffs and AT&T have made substantial progress. Plaintiffs believe that no judicial intervention is required at this time with respect to search terms. Further progress would, however, require a ruling on AT&T's objections to Judge Berry's order regarding custodians, currently pending before Judge Durkin.

Plaintiffs met and conferred with AT&T regarding search term and structured data five times by videoconference on January 12, January 16, January 20, January 22, and January 27, 2026. Negotiations are progressing on those topics.

On search terms, Plaintiffs and AT&T are nearing agreement. On January 9, AT&T provided an initial hit report using Plaintiffs' proposed search terms. In response, Plaintiffs provided a narrowed set of search terms on January 13. AT&T provided an initial hit report for those terms on January 15, a corrected hit report on January 16, and a counterproposal with revised terms and an accompanying hit report on January 26. On January 27, Plaintiffs inquired about certain discrepancies between the January 16 and January 26 hit reports; in response, on January 28, AT&T explained that the January 26 hit report used a date limiter that was not used in the January 16 hit report. After receiving that explanation, Plaintiffs provided a further narrowed list of proposed search terms on January 29. On February 4, AT&T agreed to Plaintiffs' list of proposed

search terms subject to a date range limitation of April 1, 2020 through November 20, 2023. On February 5, Plaintiffs proposed that AT&T apply those agreed-upon search terms with a date range of April 1, 2020 through December 31, 2024. On February 6, AT&T declined that proposal.

AT&T has agreed to produce outstanding non-disputed documents by early February, and negotiations are ongoing regarding the remaining search terms and additional "go-get" document requests.

On structured data, Plaintiffs had certain questions regarding AT&T's prior productions of post-2018 data. AT&T provided Plaintiffs with written responses to Plaintiffs' questions regarding throttling on January 16, 2026. Plaintiffs and AT&T are continuing to meet and confer collaboratively to resolve Plaintiffs' remaining questions. The parties do not believe that judicial intervention is required at this time. However, if the parties' efforts fail, Plaintiffs respectfully reserve the right to propound further discovery and/or seek relief from the Court.

T-Mobile has not participated in the custodial search term discussions between AT&T and Plaintiffs. AT&T did however represent to T-Mobile in a January 16, 2026 meet and confer that it intends to produce a final round of go-get documents in early February 2026.

**C. Department of Labor**

On January 24, 2025, T-Mobile subpoenaed the Department of Labor ("DOL") for documents and data related to the consumer price index, which Plaintiffs have relied on to allege that the merger between Sprint and T-Mobile caused retail mobile wireless telephone services to be inflated. T-Mobile and the DOL reached impasse in September 2025, but a final pre-motion conference was postponed until November 2025 due to the government shutdown. Shortly thereafter, on December 4, 2025, T-Mobile moved to compel the DOL to comply with its subpoena in the District Court for the District of Columbia.

On December 22, 2025, the DOL sought an extension of the deadline to file its opposition to January 30, 2025, which the Court granted a couple of hours later before T-Mobile could oppose the extension. On January 27, 2026, the DOL moved to further extend the deadline for the DOL to file its opposition to March 2, 2025. T-Mobile opposed the extension, as doing so would delay the resolution of the motion to compel, which would further delay DOL's production of documents and T-Mobile's deposition of DOL witnesses. On January 29, 2026, the court denied the extension request and stated that it expects counsel to work out scheduling issues among themselves. T-Mobile and the DOL have not yet reached any agreement on an extension, but given discovery cutoff in this case, T-Mobile will request that the DOL file its opposition as soon as practicable.

Once T-Mobile's motion to compel the DOL is resolved, T-Mobile anticipates that additional time will be required for the DOL to complete its production of documents and data. Further T-Mobile anticipates deposing DOL witnesses after the motion is resolved and responsive materials are produced.

**D. Other Non-Parties**

Negotiations with other non-parties are ongoing, and the parties are continuing to work to resolve or substantially narrow any disputes. For Verizon, production of remaining non-disputed documents, custodial documents based on agreed upon search terms, and agreed upon structured data is anticipated by February. Additionally, Verizon's production of go-get documents is ongoing. Plaintiffs have also reached an agreement with Deutsche Telekom on custodial search terms and are awaiting initial productions from Deutsche Telekom. Plaintiffs are also awaiting initial productions from US Mobile, Inc. Various other non-parties, including Charter, Comcast, Commnet, Consumer Cellular, Cox Communications, Google North America, Locus Telecommunications, National Cable Television Cooperative, Nsighttel Wireless, Smith Bagley,

SoftBank, STX Group, Tello, Tube Incorporated, and WideOpenWest have made their initial productions with an understanding that the parties reserve their rights to seek more information after reviewing these productions. Review of those productions is underway. The parties are continuing to negotiate with several other non-parties, including with respect to follow-up materials after having reviewed initial productions.

The parties intend to submit another Joint Status Report in early March to continue to keep the Court abreast of developments in discovery negotiations.

| | |
|---|---|
| Dated: February 9, 2026 | */s/ Gary I. Smith* <br> Gary I. Smith, Jr. (*pro hac vice*) <br> HAUSFELD LLP <br> 600 Montgomery Street, Suite 3200 <br> San Francisco, CA 94111 <br> Phone: (267) 702-2318 <br> gsmith@hausfeld.com <br><br> Swathi Bojedla (*pro hac vice*) <br> Jose Roman Lavergne (*pro hac vice*) <br> Shana R. Herman (*pro hac vice*) <br> HAUSFELD LLP <br> 1200 17th Street NW, Suite 600 <br> Washington, D.C. 20036 <br> Phone: (202) 540-7200 <br> sbojedla@hausfeld.com <br> jlavergne@hausfeld.com <br> sherman@hausfeld.com <br><br> Renner Walker (*pro hac vice*) <br> HAUSFELD LLP <br> 33 Whitehall Street, 14th Floor <br> New York, NY 10004 <br> Phone: (646) 357-1100 <br> rwalker@hausfeld.com <br><br> Daniel P. Margolskee (*pro hac vice*) <br> HAUSFELD LLP <br> 325 Chestnut St., Suite 900 <br> Philadelphia, PA 19106 <br> Phone: (215) 985-3270 |

dmargolskee@hausfeld.com

Brendan P. Glackin (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Nicholas W. Lee (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
Jules A. Ross (*pro hac vice*)
Courtney J. Liss (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com
cliss@lchb.com

Eric L. Cramer (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (415) 215-0962
Phone: (215) 715-3256
ecramer@bm.net
jgradwohl@bm.net

Robert Litan (*pro hac vice*)
BERGER MONTAGUE PC
1001 G St, N.W. Suite 400 East
Washington, D.C. 20001
Phone: (202) 559-9740
rlitan@bm.net

Joshua P. Davis (*pro hac vice*)
Kyla Gibboney (*pro hac vice*)
Julie Pollock (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class*

Kenneth N. Flaxman ARDC No. 830399
Joel Flaxman ARDC No. 6292818
LAW OFFICES OF KENNETH N. FLAXMAN P.C.
200 S Michigan Ave., Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
jaf@kenlaw.com
knf@kenlaw.com

*Interim Liaison Counsel for Plaintiffs and the Proposed Class*

/s/ Rachel Brass
Rachel S. Brass (*pro hac vice*)
Caeli A. Higney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
RBrass@gibsondunn.com
CHigney@gibsondunn.com

Minae Yu (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Myu@gibsondunn.com

Clifford C. Histed
ARDC No. 6226815
Michael E. Martinez
ARDC No. 6275452
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
Telephone: (312) 807-4448
clifford.histed@klgates.com
michael.martinez@klgates.com

*Counsel for Defendant T-Mobile US, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on February 9, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will then send electronic copies to the registered participants as identified on the Notice of Electronic Filing (NEF).

Respectfully submitted,

*/s/ Gary I. Smith, Jr.*
Gary I. Smith Jr. (*pro hac vice*)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94111
Phone: (267) 702-2318
gsmith@hausfeld.com
*Counsel for Plaintiffs and the Proposed Class*