# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY DALE, BRETT JACKSON, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>T-MOBILE US, INC.,<br><br>        Defendant. | Case No. 22-cv-3189<br><br>Hon. Thomas M. Durkin<br><br>Hon. Albert Berry III |

## NON-PARTY DISH NETWORK CORPORATION'S STATUS REPORT

Non-Party DISH Network Corporation ("DISH") understands that the Court has reviewed the February 9, 2026, Joint Status Report (ECF No. 362) filed by Plaintiffs and T-Mobile (together, the "Parties"). Minute Entry (Feb. 10, 2026), ECF No. 363. DISH respectfully submits this status report to respond to certain statements made by Plaintiffs in the Joint Status Report at 3-6 as it was not afforded an opportunity to do so in advance despite making that request.[1]

---

[1] On February 5, 2026, Plaintiffs and T-Mobile finally agreed to DISH's repeated requests for a joint conferral with DISH regarding search terms. At that time, DISH requested that the Parties share with DISH any sections of the draft joint status report that may warrant a response from DISH. Despite this reasonable and timely request, Plaintiffs did not provide DISH with an opportunity to review or comment on the section of the February 9, 2026, Joint Status Report pertaining to Plaintiffs' negotiations with DISH over the scope of custodial discovery. This is not the first time Plaintiffs have filed a status report mischaracterizing negotiations with DISH without giving DISH an opportunity to respond prior to filing. Plaintiffs likewise did not provide DISH with the opportunity to review or comment on their May 30, 2025, status report regarding ordered post-briefing conferral between DISH and Plaintiffs prior to filing. *See* Non-Party DISH Network Corporation's Status Report Regarding Post-Briefing Conferral with Plaintiffs at 1 (June 3, 2025), ECF No. 313); Plaintiffs' Status Report Regarding DISH Motion to Compel (May 30, 2025), ECF No. 312; Minute Entry (Apr. 1, 2025), ECF No. 277 ("once the parties meet and confer after their filings have concluded, *they* shall report their results to the Court") (emphasis added).

I. **Search Terms**

DISH and the Parties have made progress towards an agreement on search terms. Since the "categories [of custodial discovery sought by the Parties from DISH] almost perfectly overlap," DISH made repeated requests for the Parties to "collaborate to reach a workable compromise" on a single set of search terms to lessen the burden on non-party DISH. Order at 17, 18 (Oct. 3, 2025), ECF No. 338 (the "Order"). While Plaintiffs and T-Mobile have agreed on a limited set of common search terms, the Parties still present DISH with revisions to their separate sets of search terms to test, most recently on February 2 (Plaintiffs) and February 6 (T-Mobile).[2] DISH will continue to encourage the Parties towards further agreement on a common set of search terms for their overlapping discovery categories to lessen the burden of review and production.

II. **Text Messages**

Plaintiffs want the Court to believe they have been laser-focused on text messages and other informal electronic communications since the day they issued their subpoena to DISH, but the record belies that conclusion. Plaintiffs failed to advise the Court in the Joint Status Report that DISH objected to the discovery of such communications in its February 2, 2024, response to Plaintiffs' subpoena and continues to stand on those objections two years later. DISH specifically objected to Plaintiff's inclusion of "instant messages," "text messages (SMS or other)," "electronic chats," and "Slacks (or similar programs)" in their definition of "Document" "on the grounds that searching and producing such data would require unreasonable efforts that are disproportionate to the needs of the case, particularly considering DISH's status as a non-party." ECF No. 253-4 at 8.

---

[2] Plaintiffs state that they "worked with T-Mobile to create a single document containing both parties' search terms." Joint Status Report at 3. DISH asked for a single *set* of search terms, not separate sets of search terms in a single document. Further, despite stating that the Parties have presented DISH with a single document containing their separate sets of search terms, the Parties continue to provide DISH with revisions separately, sometimes days apart.

2

Over the next thirteen months, Plaintiffs conferred with DISH multiple times about DISH's various objections to the subpoena yet raised text messages only once. At that time, DISH reiterated its objections to all custodial discovery, including text messages. No further conferral on DISH's objection to text messages occurred prior to Plaintiffs' filing their Motion to Compel. Similarly, in court-ordered post-briefing conferral between DISH and Plaintiffs, all discussions related to whether DISH would agree to search custodial emails and attachments. Plaintiffs never raised text messages.

Plaintiffs' March 21, 2025, Motion to Compel did not address DISH's objection to the overly broad definition of "Document" and Plaintiffs should not be permitted to retroactively argue otherwise now. *See* Joint Status Report at 4-5. Plaintiffs' fifteen-page brief in support of their Motion to Compel mentions text messages once,[3] in the context of irrelevant pre-merger communications.[4] Motion to Compel DISH to Produce Discovery Responsive to Plaintiffs' Subpoena at 10 (Mar. 21, 2025), ECF No. 253. Plaintiffs' Motion to Compel is silent as to the arguments they are now attempting to make in the Joint Status Report—that "other records" means text messages and the other types of informal communications to which DISH objected, and that DISH somehow waived its burden objection to producing text messages. Plaintiffs omit the fact that DISH's Memorandum in Opposition specifically defined the parameters of the custodial discovery dispute for the purposes of establishing DISH's burden as being about emails and attachments: "Neither party defines 'custodial discovery.' For purposes of quantifying its burden here, DISH defines 'custodial discovery' as discovery of email and attachments stored in Gmail and associated with a specific DISH employee." Non-Party DISH Network Corporation's

---

[3] Plaintiffs' Motion to Compel did not address DISH's specific objections to discovery of text messages.
[4] The Order ruled that DISH's pre-merger materials are not relevant and modified Plaintiffs' subpoena accordingly. Order at 6.

3

Memorandum in Opposition to Plaintiffs' and T-Mobile's Separate Motions to Compel at 15 n.17 (Apr. 11, 2025), ECF No. 283. Plaintiffs also omit the inconvenient fact that they did not object to or refute DISH's definition of "custodial discovery" nor did they otherwise raise the discovery of text messages in their Reply. To the contrary, Plaintiffs engaged with DISH's undue burden argument and the cost information DISH submitted without any disagreement on the scope of custodial discovery as DISH defined it, i.e., custodial emails and attachments. *See* Plaintiffs' Reply in Support of Motion to Compel DISH Network Corporation at 2-6 (Apr. 21, 2025), ECF No. 299.

In its October 3, 2025, Order, the Court addressed whether DISH had substantiated its claim that it would be an undue burden to produce custodial emails and attachments. Order at 6-9. The Court concluded that DISH had not established that such discovery would be an undue burden to DISH. *Id.* at 8. Following the Order, DISH promptly transferred custodial emails and attachments to its discovery vendor for processing and search. Only then did Plaintiffs assert that DISH must include text messages and other informal electronic communications as well.[5]

DISH also must object to Plaintiffs' suggestion in the Joint Status Report that a non-party like DISH is obligated to undertake the significant burden of making images of mobile devices in response to a subpoena. Joint Status Report at 5. Plaintiffs once again fail to acknowledge ***their*** duty not to unduly burden non-party DISH. Fed. R. Civ. P. 45(d)(1). With respect to DISH's Chairman and CEO, DISH advised Plaintiffs in conferral that the company had taken the extraordinary step of imaging a device identified as necessary and appropriate for another, unrelated matter, and confirmed to Plaintiffs that that device contained no text messages from the relevant period (April 1, 2020, until June 30, 2024).[6] It does not necessarily follow that there are,

---

[5] DISH objected to Plaintiffs' October 17, 2025, post-Order demand for any "custodial discovery" beyond emails and attachments but offered conferral. *See* Email from M. McCarroll to R. Walker (Jan. 8, 2026).
[6] In the Joint Status Report, Plaintiffs suggest for the first time that discovery extends beyond June 30, 2024. DISH has clearly defined that end date in multiple communications with Plaintiffs. Indeed, DISH has

as Plaintiffs claim, "no text messages in Mr. Ergen's custodial file" for the relevant time period (Joint Status Report at 5), as the imaging performed was unrelated to the instant litigation. DISH did not—and as a non-party, is not required to—exhaust all avenues of discovery, especially those that present significant and undue burden, simply because Plaintiffs demand it.

Finally, DISH once more rejects Plaintiffs' renewed assertion that DISH had an obligation to preserve the electronically stored information of former employee Stephen Bye. *See* Joint Status Report at 5. As DISH previously informed the Court, Plaintiffs' initial subpoena in October 2022 did not identify Mr. Bye or any other specific custodian, nor did Plaintiffs have any discussion with DISH about possible custodians until December 2024, when Plaintiffs for the first time proposed eight custodians, including Mr. Bye. ECF No. 313 at 2. DISH inadvertently included Mr. Bye in a counterproposal, although his data had been remediated in the ordinary course after his January 2023 separation from DISH. *Id.*

DISH appreciates the Court's assessment that judicial intervention is not needed at this time as DISH and Plaintiffs continue to confer. DISH submits that the Court may wish to consider appointing a Special Master if conferral on these issues is not successful. DISH should not be unduly burdened by Plaintiffs' unilateral and belated expansion of custodial discovery.

---

generated five separate hit reports testing iterations of Plaintiffs' search terms against custodial email and attachments for the period ending June 30, 2024, and Plaintiffs have never suggested that the searches extend beyond that date.

Dated: February 10, 2026

Respectfully submitted,

/s/ *Monica McCarroll*
Monica McCarroll (*pro hac vice*)
Kevin A. Reiss
REDGRAVE LLP
4800 Westfields Blvd.
Suite 250
Chantilly, VA 20151
P. 703.592.1155
mmccarroll@redgravellp.com

Rana Dawson
REDGRAVE LLP
230 West Monroe Street
Suite 210
Chicago, IL 60606
P. 312.800.1968
rdawson@redgravellp.com

***Attorneys for non-party DISH Network Corporation ("DISH")***

## CERTIFICATE OF SERVICE

      I hereby certify that on February 10, 2026, I electronically filed a copy of the foregoing through the Court's CM/ECF system, which will send notifications of the filing to all counsel of record.

                                        /s/ *Monica McCarroll*
                                        Monica McCarroll