**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY DALE, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, INC.,<br><br>Defendant. | Case No. 1:22-cv-03189<br><br>Hon. Thomas M. Durkin<br><br>Hon. Albert Berry III |

**JOINT MOTION TO AMEND CASE SCHEDULE**

Plaintiffs and Defendant T-Mobile US, Inc. ("T-Mobile" and together the "parties"), by and through their respective counsel, jointly move this Court for an order to extend the close of fact discovery and vacate the existing expert discovery deadlines. The parties submit that good cause exists to modify the current schedule for the reasons set forth below. After conferring in good faith, the parties agree that the proposed amended schedule is necessary to complete the remaining discovery necessary to fairly and fully litigate their claims and defenses.

1. On July 21, 2025, the Court adopted the parties' proposed Joint Scheduling Order, which set the existing case schedule. Dkt. 332. The close of fact discovery is set for May 21, 2026; opening expert reports are due on September 3, 2026; opposing expert reports are due on November 12, 2026; rebuttal expert reports are due on January 28, 2027; and expert depositions must be completed by March 11, 2027. *Id.*

2. Since this Court's adoption of the existing schedule, the parties have continued to work collaboratively to advance party discovery. The parties have begun party depositions, and T-Mobile has produced over 8 terabytes of data, including both custodial and data productions. The

parties have worked together to resolve any discovery disputes through meet-and-confers, without requiring this Court's intervention.

3.     Despite the parties' ongoing diligence and good faith efforts, certain obstacles to obtaining critical non-party discovery either remain or have arisen that require a modification of the existing case schedule.  Those issues include the following:

4.     First, custodial document review and production for AT&T and DISH have not yet begun. This Court has recognized that such discovery is critical to Plaintiffs' claims and T-Mobile's defenses.  *See* Dkt. 328 at 4 (Berry, MJ) ("[T]his case concerns the effect that the merger had on non-parties' pricing decisions following the merger, and non-parties' materials are not only relevant, but indeed central, to the claims in this suit.").

5.     With regard to AT&T, Plaintiffs moved to compel production of custodial documents on March 21, 2025.  *See* Dkt. 257.  On October 3, 2025, Magistrate Judge Berry ordered AT&T to produce custodial documents responsive to Plaintiffs' subpoena.  *See* Dkt. 340 at 5.  On November 17, 2025, AT&T filed an objection only to the extent that the order adopted Plaintiffs' list of proposed custodians. Dkt. 347.  During the pendency of that objection, Plaintiffs and AT&T have met and conferred ten times in a good-faith effort to resolve the parameters for custodial discovery other than the identity of custodians.  Those efforts resulted in an agreed-upon list of search terms; they have not yet reached agreement on the applicable time period.  On March 4, 2026, AT&T proposed to Plaintiffs a global resolution of the open discovery disputes between them.  On March 6, 2026, Plaintiffs and AT&T met and conferred, and Plaintiffs noted that they could not accept certain components of the proposal and required additional information from AT&T to evaluate other components.  Plaintiffs and AT&T continue to discuss in good faith.  AT&T has not begun review or production of custodial documents, using the agreed upon search terms even for AT&T's narrower proposed time period, because of its pending objection to the custodians ordered by Magistrate Judge Berry, Dkt. 347 at 10–12.  The parties understand that AT&T's custodial production may be substantial.  In the interim, AT&T has made several productions of "go-get" materials, consisting of approximately 7,200 documents totaling approximately 64,000 pages.

While AT&T's objection remains pending, Plaintiffs understanding is that AT&T will not begin reviewing or producing custodial documents from the custodians ordered by Magistrate Judge Berry.

6.      With regard to DISH, both Plaintiffs and T-Mobile moved to compel production of custodial documents on February 14, 2025 and March 21, 2025.  *See* Dkt. 233, 234, 254, & 255. On October 3, 2025, Magistrate Judge Berry ordered DISH to produce custodial documents responsive to the parties' subpoenas.  *See* Dkt. 338 at 8.  An open issue between Plaintiffs and DISH is the discovery of text messages from DISH's custodians.  As explained in the February 9, 2026 Joint Status Report, Dkt. 362, DISH CEO and Chairman Charles Ergen's text message exchange with then-Assistant Attorney General Markan Delrahim was relevant in the pre-merger litigation.  *See id.* at 4.  In this litigation, Plaintiffs seek production of post-merger text messages sent and received by DISH's custodians regarding matters relevant to this case.  *See* Dkt. 253 at 9; Dkt. 253-2 at 6–7.  Plaintiffs and DISH are exploring issues around the preservation of these materials and their availability for production.  Plaintiffs hope to resolve these disputes informally, but judicial intervention may be required in the future.

7.      Additionally, since the Court's October 3, 2025 Order, the parties have met and conferred with DISH multiple times, both separately and jointly, in an effort to reach agreement on search terms.  Those efforts are ongoing.  The parties remain optimistic about their ability to reach an agreement on search terms, but judicial intervention may be required.

8.      Second, Plaintiffs concluded lengthy negotiations with Deutsche Telekom and Verizon on search terms and custodians for their productions of custodial documents on January 19, 2026 and October 4, 2025, respectively.  These negotiations took many months.  Verizon made its first production of custodial documents on March 5, 2026.  Deutsche Telekom has not yet produced any custodial documents or indicated an estimated date of production.

9.      Once AT&T, Deutsche Telekom, and Verizon have completed their forthcoming productions, which the parties anticipate will be significant in volume, the parties will have to

3

review these productions and subsequently notice and schedule depositions of AT&T, Deutsche Telekom, and Verizon custodians, which will be a significant undertaking.

10. Third, T-Mobile moved to compel the U.S. Department of Labor ("DOL") to produce discovery responsive to T-Mobile's subpoena to the DOL before the United States District Court for the District of Columbia. *See In re Mot. to Compel Compliance with Subpoena Directed to Dept. of Labor*, Case No. 1:25-mc-00173-ACR (D.D.C. Dec. 4, 2025). T-Mobile filed its motion on December 4, 2025. The DOL then requested two extensions of time to file its opposition to T-Mobile's motion, which T-Mobile opposed until the Court directed the parties "to work out scheduling issues among themselves." *Id.*, Minute Entry (Jan. 29, 2026). The parties then filed two stipulations extending the DOL's time to file its opposition, with T-Mobile taking no position on those extensions, and one stipulation extending T-Mobile's time to file its reply. *Id.*, Dkt. 12, 13, 15. Assuming the current schedule holds, briefing on T-Mobile's motion will be complete by no earlier than March 13, 2026. And even after T-Mobile's motion is resolved, T-Mobile anticipates additional time will be required for the DOL to complete its production of documents and data, after which T-Mobile anticipates deposing DOL witnesses.

11. In light of the foregoing, the parties agree an extension of the fact discovery deadline is necessary, and the parties have proposed extending that deadline by nine months.

12. The parties are meeting and conferring over possible changes to the structure of expert discovery and agree that, as a result, the existing expert discovery deadlines should be vacated. If the parties are unable to reach an agreement on expert discovery structure and jointly submit a proposal for this Court's consideration, T-Mobile will bring a motion on this issue.

**Accordingly, the parties jointly move the Court to enter the following amended case schedule:**

| Case Event | Existing Deadline | Proposed New Deadline |
|---|---|---|
| Close of Fact Discovery | May 21, 2026 | February 26, 2027 |

4

| Opening Expert Reports (on class and merits issues on which a party bears the burden of proof) | September 3, 2026 | Vacated |
|---|---|---|
| Opposing Expert Reports | November 12, 2026 | Vacated |
| Rebuttal Expert Reports | January 28, 2027 | Vacated |
| Expert Depositions Completed | March 11, 2027 | Vacated |

13. The extension is supported by good cause. *Towns v. Ramos*, No. 3:05-cv-375, 2008 WL 2095491, at *1 (S.D. Ill. May 16, 2008) (good cause for "additional time for discovery" where party "describe[d] a number of obstacles" to completing discovery within the existing schedule).

**THEREFORE, THE PARTIES JOINTLY MOVE** for an Order modifying the existing case schedule as set forth and stipulated to above.

| Dated: March 9, 2026 | */s/ Rachel S. Brass*<br>Rachel S. Brass (*pro hac vice*)<br>Caeli A. Higney (*pro hac vice*)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>Telephone: (415) 393-8200<br>RBrass@gibsondunn.com<br>CHigney@gibsondunn.com<br>Daniel G. Swanson (*pro hac vice*)<br>Minae Yu (*pro hac vice*)<br>**GIBSON, DUNN & CRUTCHER LLP**<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: (213) 229-7000<br>DSwanson@gibsondunn.com<br>Myu@gibsondunn.com<br><br>Clifford C. Histed<br>ARDC No. 6226815<br>Michael E. Martinez<br>ARDC No. 6275452<br>Alicia M. Hawley<br>ARDC No. 6277624<br>**K&L GATES LLP**<br>70 West Madison Street, Suite 3300 |
|---|---|

Chicago, IL 60602-4207
Telephone: (312) 807-4448
clifford.histed@klgates.com
michael.martinez@klgates.com
Alicia.Hawley@klgates.com

Jennifer Milici
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave N.W.
Washington, D.C. 20037
Telephone: (202) 663-6006
Jennifer.Milici@wilmerhale.com

*Counsel for Defendant T-Mobile US, Inc*

*/s/ Gary I. Smith Jr.*
Gary I. Smith Jr. (pro hac vice)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94111
Phone: (267) 702-2318
gsmith@hausfeld.com

Swathi Bojedla (pro hac vice)
Jose Roman Lavergne (pro hac vice)
Shana R. Herman (pro hac vice)
HAUSFELD LLP
1200 17th Street N.W., Suite 600
Washington, D.C. 20036
Phone: (202) 540-7200
sbojedla@hausfeld.com
jlavergne@hausfeld.com
sherman@hausfeld.com

Renner K. Walker (pro hac vice)
HAUSFELD LLP
33 Whitehall St., 14th Floor
New York, NY 10004
Phone: (646) 357-1100
rwalker@hausfeld.com

Brendan P. Glackin (pro hac vice)
Lin Y. Chan (pro hac vice)
Nicholas W. Lee (pro hac vice)
Sarah D. Zandi (pro hac vice)
Jules A. Ross (pro hac vice)

6

Courtney J. Liss (pro hac vice)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com
cliss@lchb.com

Eric L. Cramer (pro hac vice)
Jeremy Gradwohl (pro hac vice)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (415) 215-0962
Phone: (215) 715-3256
ecramer@bm.net
jgradwohl@bm.net

Robert Litan (pro hac vice)
BERGER MONTAGUE PC
1001 G St, N.W. Suite 400 East
Washington, D.C. 20001
Phone: (202) 559-9740
rlitan@bm.net

Joshua P. Davis (pro hac vice)
Kyla Gibboney (pro hac vice)
Julie Pollock (pro hac vice)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class*

Kenneth N. Flaxman ARDC No. 830399
Joel Flaxman ARDC No. 6292818
LAW OFFICES OF KENNETH N. FLAXMAN P.C.
200 S Michigan Ave., Suite 201

|  | Chicago, IL 60604<br>Phone: (312) 427-3200<br>jaf@kenlaw.com<br>knf@kenlaw.com<br><br>*Interim Liaison Counsel for Plaintiffs and the Proposed Class* |
|---|---|

## CERTIFICATE OF SERVICE

I certify that on March 9, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will then send electronic copies to the registered participants as identified on the Notice of Electronic Filing (NEF).

Respectfully submitted,

*/s/ Rachel S. Brass*
Rachel S. Brass (*pro hac vice*)
**GIBSON, DUNN & CRUTCHER LLP**
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
RBrass@gibsondunn.com
*Counsel for Defendant T-Mobile US, Inc.*