**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTHONY DALE, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>T-MOBILE US, INC.,<br><br>    Defendant. | Case No. 1:22-cv-03189<br><br>Hon. Thomas M. Durkin<br><br>Hon. Albert Berry III<br><br><br>**JOINT STATUS REPORT** |

Plaintiffs and Defendant T-Mobile US, Inc. ("T-Mobile"), together "the parties," respectfully submit this Joint Status Report to update the Court on their progress in discovery in advance of the upcoming status conference. *See* Dkt. 380.

**I. Party Discovery**

The parties continue to work cooperatively to resolve disputes regarding written discovery, data, and depositions. There are no active discovery disputes between the parties that require judicial intervention.

**A. Document Discovery**

As of the date of this status report, T-Mobile has produced over 5.4 million documents to Plaintiffs consisting of more than 35.7 million pages and 1.3 million native files, all of which total nearly 8 terabytes of data. T-Mobile substantially completed its custodial ESI productions. Plaintiffs completed productions of Plaintiffs' documents on April 30, 2025.

1

On July 13, 2026, Plaintiffs requested a refresh of T-Mobile's production, which currently ends on December 31, 2023, for a narrowed set of custodians and search terms, covering the period from January 1, 2024 through the present. T-Mobile is evaluating Plaintiffs' request.

### B. Depositions

Plaintiffs have deposed six T-Mobile witnesses and served two Deposition Subpoenas on T-Mobile on July 2, 2026, requesting deposition dates during the weeks of July 27 and August 17, 2026. Both deponents are former employees. On July 13, 2026, Plaintiffs served an additional two Notices of Deposition for current employees and two Deposition Subpoenas for former employees, and requested deposition dates between July 27 and September 15, 2026. T-Mobile is working to schedule those depositions which have been recently noticed. Plaintiffs and T-Mobile are also working to schedule the deposition of former employee Janice Kapner.

T-Mobile intends to serve Notices of Deposition for the named Plaintiffs after AT&T and Verizon have produced documents specific to those individuals.

### C. Interrogatories

On May 1, 2026, Plaintiffs served T-Mobile with their First Set of Interrogatories. T-Mobile's responses to Plaintiffs' First Set of Interrogatories are anticipated by July 15, 2026.

On January 22, 2024, T-Mobile served its First Set of Interrogatories on Plaintiffs. Plaintiffs served objections and responses to those interrogatories on March 6, 2024.

## II. Nonparty Discovery

The parties summarize below significant outstanding nonparty discovery of (1) DISH, (2) AT&T, (3) Verizon, (4) Deutsche Telekom, (5) the Department of Labor, (6) the monitoring trustee for the merger consent decree, and (7) other nonparties, such as cable wireless providers, and mobile virtual network operators. Discussions with all nonparties continue. With seven months left in the fact discovery period, Plaintiffs and T-Mobile are earnestly pushing nonparties,

2

including MNOs and cable companies, to promptly produce requested discovery, and may need the Court's assistance to secure the needed discovery on a timeline that enables the Court and the parties to complete discovery on the current schedule, as the parties desire.

### A. DISH

The parties' negotiations with DISH continue regarding DISH's outstanding custodial discovery obligations under Magistrate Judge Berry's October 3, 2025 Order (Dkt. 338) granting in part and denying in part the parties' motions to compel.

Following several meet and confers, exchanges of search terms, and exchanges of proposals, the parties and DISH have reached an agreement in principle with respect to the substance of an agreement that will resolve issues relating to custodial discovery. Plaintiffs have proposed that DISH substantially complete its productions by mid-October, with productions proceeding on a rolling basis. DISH has proposed reaching substantial completion by the end of 2026 but remains unwilling to commit to a schedule at this time and has expressed that its proposed schedule would have caveats. T-Mobile's view is that if Plaintiffs plan to seek depositions of any DISH witness within the Court ordered discovery schedule, then this issue should be resolved through negotiation and agreement or Court intervention as soon as practicable. The parties and DISH are reserving rights to meet and confer regarding the technical details of DISH's document review process.

Finally, on May 11, 2026, Plaintiffs propounded questions to DISH regarding its productions of structured data. DISH has committed to answering those questions by July 22, 2026. T-Mobile anticipates propounding additional non-duplicative questions to DISH regarding its productions of structured data as well.

3

### B. AT&T

On October 3, 2025, Magistrate Judge Berry granted in part and denied in part Plaintiffs' motion to compel AT&T to produce documents responsive to their subpoena. Dkts. 339, 340. AT&T objected to that order, and that objection is fully briefed and pending.

Plaintiffs: Plaintiffs and AT&T have reached an agreement in principle resolving the issues in Plaintiffs' Motion to Compel. Dkt. 257. Accordingly, AT&T's objection pending before Judge Durkin may be rendered moot. Dkt. 282. Since the March 9 Joint Status Report, Plaintiffs and AT&T have exchanged numerous proposals and counterproposals, conferred nine times, and reached an agreement in principle on July 15, 2026. Pursuant to that agreement, AT&T would commit to produce certain agreed upon datasets within 30 days and to substantially complete its custodial document production by October 23, 2026. Plaintiffs have certain other outstanding requests from AT&T, which were not resolved by this agreement in principle, but which do not require judicial intervention at this time.

T-Mobile: AT&T has produced some non-custodial documents in response to T-Mobile's discovery requests. In response to a long list of deficiencies T-Mobile identified in AT&T's non-custodial document production, AT&T in large part represented that it will produce these documents in its forthcoming custodial document production. In addition, AT&T offered to negotiate an agreement to produce MVNO contracts in lieu of the parties subpoenaing MVNOs directly. AT&T has not reported any progress on those negotiations with Plaintiffs in over a month. Recently, AT&T has only offered to "re-produce" MVNO contracts that it has produced in an unidentified prior litigation. While a resolution may yet be reached, given AT&T's late-breaking proposed MVNO agreement reproduction, T-Mobile may have to move for Court intervention.

## C. Verizon

Verizon represents that its production is substantially complete, and the parties' review of Verizon's production of documents and structured data is ongoing.

Plaintiffs: Plaintiffs seek more information regarding Verizon's structured data. Consequently, on June 24, 2026, Plaintiffs served a subpoena for a 30(b)(6) deposition on Verizon seeking responses to Plaintiffs' outstanding questions on structured data that Verizon has produced. On July 15, 2026, Verizon sent responses to these questions. Plaintiffs will evaluate Verizon's responses. Plaintiffs may seek judicial intervention if they are unable to obtain responses from Verizon sufficient to answer Plaintiffs' questions.

T-Mobile: T-Mobile is productively meeting and conferring with Verizon about the sufficiency of its productions.

## D. Deutsche Telekom

Deutsche Telekom has produced some of the documents it agreed to produce according to its January 19, 2026 discovery agreement with Plaintiffs. Deutsche Telekom produced a total of 1,318 documents—347, 302, and 669 documents on April 30, June 17, and July 2, 2026, respectively. After repeated inquiries from Plaintiffs—on February 4, February 11, March 2, May 21, and June 1—regarding when Deutsche Telekom anticipated substantially completing its production, and repeated inquiries from Plaintiffs—on March 11, March 19, and April 14 — regarding when Deutsche Telekom anticipated making its first production, Deutsche Telekom stated in a June 16, 2026, correspondence that it was "not workable" to review the agreed upon population of 24,301 documents and substantially complete its productions within five months. Plaintiffs anticipate that Deutsche Telekom will continue to make rolling productions and do not request judicial intervention at this time.

5

### E. Department of Labor

On January 24, 2025, T-Mobile subpoenaed the Department of Labor ("DOL") for documents and data related to the consumer price index, which Plaintiffs have relied on to allege that the merger between Sprint and T-Mobile caused retail mobile wireless telephone services to be inflated. On December 4, 2025, T-Mobile moved to compel the DOL to comply with its subpoena in the District Court for the District of Columbia. As of March 13, 2026, T-Mobile's motion to compel is fully briefed. A hearing on T-Mobile's motion was scheduled for May 7, 2026, but the district court vacated that date and rescheduled the hearing for July 29, 2026.

Once T-Mobile's motion to compel DOL documents is resolved, and the DOL complies with any production order, T-Mobile anticipates deposing DOL witness(es) after the motion is resolved and responsive materials are produced.

### F. Monitoring Trustee

Plaintiffs seek discovery of reports submitted by the monitoring trustee, but the monitoring trustee is refusing to produce them. On July 11, 2025, Plaintiffs subpoenaed nonparty Edward McNally, who is serving as monitoring trustee for the consent decree in *United States v. Deutsche Telekom AG*, No. 1:19-cv-02232 (D.D.C.). Plaintiffs served an amended subpoena on Mr. McNally on April 22, 2026. Plaintiffs seek reports Mr. McNally and his predecessor, Ted Ullyot, created as part of their oversight duties under the consent decree pursuant to which the merger was approved. Mr. McNally has objected to producing these documents. Although Plaintiffs have met and conferred with Mr. McNally's counsel, Plaintiffs and the monitoring trustee have reached impasse. Plaintiffs intend to move to enforce the subpoena in the District Court for the Eastern District of Pennsylvania.

### G.  Other Nonparties

Discovery of other nonparties is progressing, and the parties are continuing to resolve disputes as they arise without judicial intervention. Other nonparties subpoenaed in this matter include Best Buy Health, Cellular South, Charter, Comcast, Commnet, Consumer Cellular, Cox Communications, CSC Holdings, Google North America, Locus Telecommunications, Mediacom Communications Corporation, National Cable Television Cooperative, Nsighttel Wireless, Smith Bagley, SoftBank, STX Group, Tello, Tube Incorporated, UScellular, US Mobile, and WideOpenWest. Multiple nonparties have made substantial progress fulfilling their discovery obligations since the parties' most recent Joint Status Report. The parties reserve their rights to seek further discovery from the above nonparties and to seek court intervention with respect to any of the nonparties if they do not meet their obligations in a timely fashion.

### III.    Next Joint Status Report

The parties intend to submit another Joint Status Report in September 2026 to keep the Court informed of developments in discovery.

Dated: July 15, 2026

*/s/ Gary I. Smith, Jr.*
Gary I. Smith, Jr. (*pro hac vice*)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94104
Phone: (267) 702-2318
gsmith@hausfeld.com

Swathi Bojedla (*pro hac vice*)
Jose Roman Lavergne (*pro hac vice*)
Shana R. Herman (*pro hac vice*)
HAUSFELD LLP
1200 17th Street NW, Suite 600
Washington, D.C. 20036
Phone: (202) 540-7200
sbojedla@hausfeld.com
jlavergne@hausfeld.com
sherman@hausfeld.com

Renner Walker (*pro hac vice*)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Phone: (646) 357-1100
rwalker@hausfeld.com

Daniel P. Margolskee (*pro hac vice*)
HAUSFELD LLP
325 Chestnut St., Suite 900
Philadelphia, PA 19106
Phone: (215) 985-3270
dmargolskee@hausfeld.com

Brendan P. Glackin (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Nicholas W. Lee (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
Jules A. Ross (*pro hac vice*)
Courtney J. Liss (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com
cliss@lchb.com

Eric L. Cramer (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (415) 215-0962
Phone: (215) 715-3256
ecramer@bm.net
jgradwohl@bm.net

Robert Litan (*pro hac vice*)
BERGER MONTAGUE PC
1001 G St, N.W. Suite 400 East
Washington, D.C. 20001

8

Phone: (202) 559-9740
rlitan@bm.net

Joshua P. Davis (*pro hac vice*)
Kyla Gibboney (*pro hac vice*)
Julie Pollock (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class*

Kenneth N. Flaxman ARDC No. 830399
Joel Flaxman ARDC No. 6292818
LAW OFFICES OF KENNETH N. FLAXMAN P.C.
200 S Michigan Ave., Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
jaf@kenlaw.com
knf@kenlaw.com

*Interim Liaison Counsel for Plaintiffs and the Proposed Class*

/s/ Rachel S. Brass
Rachel S. Brass (*pro hac vice*)
Caeli A. Higney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street
San Francisco, CA 94105-0921
Telephone: (415) 393-8200
RBrass@gibsondunn.com
CHigney@gibsondunn.com

Minae Yu (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Myu@gibsondunn.com

9

Clifford C. Histed
ARDC No. 6226815
Michael E. Martinez
ARDC No. 6275452
Alicia M. Hawley
ARDC No. 6277624
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
Telephone: (312) 807-4448
clifford.histed@klgates.com
michael.martinez@klgates.com
alicia.hawley@klgates.com

*Counsel for Defendant T-Mobile US, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on July 15, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will then send electronic copies to the registered participants as identified on the Notice of Electronic Filing (NEF).

Respectfully submitted,

*/s/ Gary I. Smith, Jr.*
Gary I. Smith, Jr. (*pro hac vice*)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94104
Phone: (267) 702-2318
gsmith@hausfeld.com

11