**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY DALE, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, INC.,<br><br>Defendant. | Case No. 1:22-cv-03189<br><br>Hon. Thomas M. Durkin<br><br>Hon. Albert Berry III<br><br>**JOINT STATUS REPORT** |

Plaintiffs and Defendant T-Mobile US, Inc. ("T-Mobile"), together "the parties," respectfully submit this Joint Status Report to update the Court on their progress in discovery in advance of the upcoming status conference. *See* Dkt. 384.

## I. Party Discovery

The parties continue to work cooperatively to resolve disputes regarding written discovery, data, and depositions. No active discovery disputes between the parties currently require judicial intervention.

### A. Document Discovery

As of the date of this status report, T-Mobile has produced over 5.6 million documents to Plaintiffs consisting of more than 35.7 million pages and 1.3 million native files, all of which total nearly 8 terabytes of data. T-Mobile substantially completed its custodial ESI productions as of April 21, 2025. Plaintiffs completed productions of Plaintiffs' documents on April 30, 2025.

The parties are meeting and conferring about Plaintiffs' recent requests for supplemental document discovery and questions raised about T-Mobile's September 2025 privilege log.

**B. Data Discovery**

In July 2024, T-Mobile reproduced legacy Sprint structured data. On July 9, 2025, Plaintiffs raised issues regarding purportedly missing fields and dictionaries in that data production. On August 18, 2025, Plaintiffs sent a letter concerning these data dictionaries and data fields and including a list of questions about T-Mobile's structured data. In response, T-Mobile produced additional dictionaries that were identified, explained that T-Mobile did not maintain in the ordinary course of business much of the information Plaintiffs sought, and noted that T-Mobile is not required to create new documents that do not exist to address Plaintiffs' questions. The parties exchanged additional correspondence and met and conferred about a potential resolution. On July 10, 2026, Plaintiffs sent a proposal to resolve outstanding questions concerning the T-Mobile and Sprint structured data productions. T-Mobile is reviewing that proposal and preparing a response.

**C. Depositions**

Plaintiffs have deposed eight T-Mobile witnesses and have scheduled depositions of T-Mobile witnesses Peter Ewens for September 24, 2026, and Doug Chartier and Clint Patterson for September 30, 2026. On July 2, 2026, Plaintiffs subpoenaed former T-Mobile employee Ulf Ewaldsson for deposition, and, on July 13, Plaintiffs also noticed Marcelo Claure for deposition. T-Mobile is working to schedule deposition dates for these witnesses, as well as for the deposition of former employee Janice Kapner.

Further, on July 23, 2026, Plaintiffs served a placeholder Rule 30(b)(6) deposition notice on T-Mobile. T-Mobile will serve written responses and objections to that notice by September 11, 2026.

T-Mobile has deposed one named plaintiff, scheduled the deposition of another named plaintiff, requested the availability of a third named plaintiff for his deposition, and intends to serve Notices of Deposition for the remaining named plaintiffs after AT&T and Verizon have produced documents specific to those individuals.

### D. Interrogatories

On May 1, 2026, Plaintiffs served T-Mobile with their First Set of Interrogatories. T-Mobile provided responses and objections on July 15, 2026 and a verification of those responses on August 20, 2026. Plaintiffs' review of T-Mobile's responses and objections continues, and the parties will confer in an effort to resolve any disputes without judicial intervention.

On January 22, 2024, T-Mobile served its First Set of Interrogatories on Plaintiffs. Plaintiffs served objections and responses to those interrogatories on March 6, 2024.

## II. Nonparty Discovery

The parties summarize below significant outstanding nonparty discovery of (1) DISH, (2) AT&T, (3) Verizon, (4) Deutsche Telekom, (5) the Department of Labor, (6) the Monitoring Trustee for the merger consent decree, and (7) other nonparties, such as cable wireless providers, and mobile virtual network operators. Discussions with all nonparties continue. With less than six months left in the fact discovery period, Plaintiffs and T-Mobile are pushing nonparties, including MNOs and cable companies, to promptly produce requested discovery, and may need the Court's assistance to secure the needed discovery on a timeline that enables the Court and the parties to complete discovery on the current schedule, as the parties desire.

**A. DISH**

On October 3, 2025, Magistrate Judge Berry granted in part and denied in part Plaintiffs' motion to compel DISH to produce documents responsive to their subpoena. Dkt. 338.

On July 22, 2026, the parties and DISH reached an agreement to resolve issues relating to custodial discovery. While the parties and DISH are reserving rights to meet and confer regarding the technical details of DISH's document review process, DISH has committed to reaching substantial completion of its custodial document production by November 20, 2026.

On August 17, 2026, Plaintiffs sent DISH a proposal for how to resolve outstanding discovery disputes regarding DISH's porting data and post-June 2024 reports to the Monitoring Trustee. DISH has agreed to produce the porting data and post-June 2024 reports, and there are no disputes requiring judicial intervention at this time.

**B. AT&T**

Plaintiffs: On October 3, 2025, Magistrate Judge Berry granted in part and denied in part Plaintiffs' motion to compel AT&T to produce documents responsive to their subpoena. Dkts. 339, 340. AT&T objected to that order. On July 15, Plaintiffs and AT&T reached an agreement that will render AT&T's objection moot, provided AT&T performs certain obligations under that agreement. Dkt. 387.

Since reaching that agreement, Plaintiffs and AT&T have met and conferred five times regarding AT&T's performance of its obligations under that agreement, including to discuss AT&T's custodial document review protocol, AT&T's supplemental productions of structured data, and AT&T's answers to certain technical questions regarding its structured data. With regard to custodial discovery, Plaintiffs and AT&T disagree about the propriety of using TAR under the circumstances present here, but they have agreed to address that and any other

deficiencies that may arise upon substantial completion of custodial document production. The disagreement over the use of TAR delayed the start of AT&T's document review, and AT&T now anticipates that its document productions will be substantially complete around late October, but has advised Plaintiffs that there is a possibility that it will require a few additional weeks beyond that date to achieve substantial completion. As such, no judicial intervention is needed at this time.

T-Mobile: AT&T produced some non-custodial documents in response to T-Mobile's discovery request, but its productions have been deficient. In response to a long list of deficiencies T-Mobile identified in AT&T's productions, AT&T represented in correspondence and in several meet and confers that it will produce documents sufficient to address those deficiencies through additional go-get productions and its custodial productions. Among other things, AT&T has agreed to produce MVNO contracts, but has not yet done so, and has not produced MVNO payment data. To the extent that AT&T continues to fail to produce documents and data in response to T-Mobile's subpoena, T-Mobile may need to seek judicial intervention.

**C. Verizon**

Verizon represents that its production is substantially complete, and the parties' review of Verizon's production of documents and structured data continues.

Plaintiffs: Plaintiffs seek more information regarding Verizon's structured data. Consequently, on June 24, 2026, Plaintiffs served a subpoena for a 30(b)(6) deposition on Verizon seeking responses to Plaintiffs' outstanding questions on structured data that Verizon has produced. On July 15, 2026, Verizon sent responses to these questions. Since receiving these responses, Plaintiffs and Verizon have conferred five times and have made progress on resolving

Plaintiffs' questions. Plaintiffs may seek judicial intervention if Verizon does not provide sufficient answers to Plaintiffs' questions.

Additionally, regarding Verizon's document production, Plaintiffs have requested an additional targeted production of go-get documents to address a gap observed in Verizon's document production. Plaintiffs are reviewing Verizon's initial response to this request, which it made on September 8, 2026. Finally, Plaintiffs intend to serve deposition subpoenas on Verizon for certain employees in the coming weeks. Plaintiffs do not foresee any disputes regarding the additional requested document production or the impending deposition subpoenas.

<u>T-Mobile:</u> Verizon responded to March 2026 and May 2026 production deficiency letters in August 2026, representing that it would produce several categories of go-gets to address the deficiencies T-Mobile identified. T-Mobile is productively meeting and conferring with Verizon about the sufficiency of its productions.

### D. Deutsche Telekom

On August 21, 2026, Deutsche Telekom made a fifth production and represented that it completed its review and production of documents pursuant to the parties' discovery agreement. The parties' review of Deutsche Telekom's production of documents continues.

### E. Department of Labor

On January 24, 2025, T-Mobile subpoenaed the Department of Labor ("DOL") for documents and data related to the consumer price index, which Plaintiffs have relied on to allege that the merger between Sprint and T-Mobile caused retail mobile wireless telephone services to be inflated. On December 4, 2025, T-Mobile moved to compel the DOL to comply with its subpoena in the District Court for the District of Columbia. DOL filed its opposition on February 27, 2026, and T-Mobile filed its reply on March 13, 2026.

After several continuances of the hearing on T-Mobile's motion due to the court's and the DOL's scheduling conflicts, on August 4, 2026, the court overseeing the enforcement action directed the parties to meet and confer in person. On August 24, 2026, the parties met and conferred in person, with some participants joining by video conference. The parties tentatively reached a framework for resolving most of the disputes and submitted a joint status report on August 26, 2026, updating the court on the parties' progress. The court directed the parties to reschedule the hearing for the week of November 30, 2026, in the event disputes remain that require the court's intervention.

**F. Monitoring Trustee**

On July 11, 2025, Plaintiffs subpoenaed nonparty Edward McNally, the Monitoring Trustee for the consent decree in *United States v. Deutsche Telekom AG*, No. 1:19-cv-02232 (D.D.C.). Plaintiffs served an amended subpoena on Mr. McNally on April 22, 2026. Plaintiffs seek reports Mr. McNally and his predecessor, Ted Ullyot, created as part of their oversight duties under the consent decree associated with merger approval. Mr. McNally has objected to producing these documents. Although Plaintiffs have met and conferred with Mr. McNally's counsel, Plaintiffs and Mr. McNally have reached impasse. Plaintiffs moved to enforce the subpoena in the District Court for the Eastern District of Pennsylvania on July 22, 2026. Plaintiffs moved to transfer the dispute to this Court on August 5, and the court transferred the case on August 10. *Dale v. McNally*, 26-cv-09778 (N.D. Ill.). Mr. McNally will respond September 9, and the Court will hear the motion on October 6.

**G. Other Nonparties**

Discovery of other nonparties continues, and the parties have resolved disputes without judicial intervention. Other nonparties subpoenaed in this matter include Best Buy Health,

Cellular South, Charter, Comcast, Commnet, Consumer Cellular, Cox Communications, CSC Holdings, Google North America, Locus Telecommunications, Mediacom Communications Corporation, National Cable Television Cooperative, Nsighttel Wireless, Smith Bagley, SoftBank, STX Group, Tello, Tube Incorporated, UScellular, US Mobile, and WideOpenWest. Multiple nonparties have made substantial progress fulfilling their discovery obligations since the parties' most recent Joint Status Report. The parties reserve their rights to seek further discovery from the above nonparties and to seek court intervention with respect to any of the nonparties if they do not meet their obligations in a timely fashion.

## III. Next Joint Status Report

The parties intend to submit another Joint Status Report in November 2026 to keep the Court informed of developments in discovery.

Dated: September 9, 2026

/s/ Gary I. Smith, Jr.
Gary I. Smith, Jr. (*pro hac vice*)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94104
Phone: (267) 702-2318
gsmith@hausfeld.com

Swathi Bojedla (*pro hac vice*)
Jose Roman Lavergne (*pro hac vice*)
Shana R. Herman (*pro hac vice*)
HAUSFELD LLP
1200 17th Street NW, Suite 600
Washington, D.C. 20036
Phone: (202) 540-7200
sbojedla@hausfeld.com
jlavergne@hausfeld.com
sherman@hausfeld.com

Renner Walker (*pro hac vice*)
William Hayden Dwyer (*pro hac vice*)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004

Phone: (646) 357-1100
rwalker@hausfeld.com
wdwyer@hausfeld.com

Daniel P. Margolskee (*pro hac vice*)
HAUSFELD LLP
325 Chestnut St., Suite 900
Philadelphia, PA 19106
Phone: (215) 985-3270
dmargolskee@hausfeld.com

Brendan P. Glackin (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Nicholas W. Lee (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
Jules A. Ross (*pro hac vice*)
Courtney J. Liss (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com
cliss@lchb.com

Eric L. Cramer (*pro hac vice*)
Jeremy Gradwohl (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (415) 215-0962
Phone: (215) 715-3256
ecramer@bm.net
jgradwohl@bm.net

Robert Litan (*pro hac vice*)
BERGER MONTAGUE PC
1001 G St, N.W. Suite 400 East
Washington, D.C. 20001
Phone: (202) 559-9740
rlitan@bm.net

Joshua P. Davis (*pro hac vice*)

Kyla Gibboney (*pro hac vice*)
Julie Pollock (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bm.net
kgibboney@bm.net
jpollock@bm.net

*Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class*

Kenneth N. Flaxman ARDC No. 830399
Joel Flaxman ARDC No. 6292818
LAW OFFICES OF KENNETH N. FLAXMAN P.C.
200 S Michigan Ave., Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
jaf@kenlaw.com
knf@kenlaw.com

*Interim Liaison Counsel for Plaintiffs and the Proposed Class*

*/s/ Rachel S. Brass*
Rachel S. Brass (*pro hac vice*)
Caeli A. Higney (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone: (415) 393-8200
RBrass@gibsondunn.com
CHigney@gibsondunn.com

Minae Yu (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Myu@gibsondunn.com

Clifford C. Histed
ARDC No. 6226815
Michael E. Martinez

ARDC No. 6275452
Alicia M. Hawley
ARDC No. 6277624
K&L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602-4207
Telephone: (312) 807-4448
clifford.histed@klgates.com
michael.martinez@klgates.com
alicia.hawley@klgates.com

*Counsel for Defendant T-Mobile US, Inc.*

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will then send electronic copies to the registered participants as identified on the Notice of Electronic Filing (NEF).

Respectfully submitted,

*/s/ Gary I. Smith, Jr.*

Gary I. Smith, Jr. (*pro hac vice*)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94104
Phone: (267) 702-2318
gsmith@hausfeld.com