**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY DALE, JOHNNA FOX, BENJAMIN BORROWMAN, ANN LAMBERT, ROBERT ANDERSON, and CHAD HOHENBERY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US, INC.,<br><br>Defendant. | Case No. 1:22-cv-03189<br><br>Hon. Thomas M. Durkin<br><br>Hon. Albert Berry III |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT T-MOBILE US, INC. TO PRODUCE DOCUMENTS RELATED TO T-MOBILE US, INC.'S PRICE INCREASES AND ITS AFFIRMATIVE DEFENSES AND CERTAIN EXHIBITS TO THE DECLARATION OF SARAH D. ZANDI**

Plaintiffs, by their undersigned counsel, hereby move this Court pursuant to Local Rule 26.2 and Paragraph 6 of the Amended Agreed Confidentiality Order (ECF No. 336) for an Order granting them leave to file temporarily under seal portions of Plaintiffs' Motion to Compel Defendant T-Mobile US, Inc. ("T-Mobile") to Produce Documents Related to T-Mobile US, Inc.'s Price Increases and Its Affirmative Defenses (the "Motion"), and Exhibits 16, 23–51, and A–B to the Declaration of Sarah D. Zandi in Support of the Motion ("Zandi Declaration").

1. Local Rule 26.2(c) requires any party wishing to file a document or portion of a document electronically under seal in connection with a motion, brief, or other filing to: (1) electronically file a public-record redacted version of the filing and its exhibits, with an exhibit sheet marked "Fully Redacted" in lieu of any exhibit proposed to be fully redacted; (2)

provisionally file the non-redacted version of the entire document, including all exhibits, under seal, with the proposed redactions highlighted in a visible color and any exhibit proposed to be sealed in its entirety marked "Under Seal"; and (3) file a sealing motion before or simultaneously with the provisional filing. L.R. 26.2(c)(1)–(3). The motion "must articulate the basis for good cause to justify the sealing, and should do that on an item by item basis." L.R. 26.2(c)(3).

2. Plaintiffs have concurrently filed the following Exhibits to the Zandi Declaration provisionally under seal because T-Mobile has designated these documents "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" under the Amended Agreed Confidentiality Order, *see* ECF No. 336:

a) Exhibit 23 (excerpts of the deposition of Orcun Molvalioglu, designated CONFIDENTIAL by T-Mobile);

b) Exhibit 24 (excerpts of the deposition of Allyson Magner, designated HIGHLY CONFIDENTIAL by T-Mobile);

c) Exhibit 25 (excerpts of the deposition of Siddharth Lal, designated HIGHLY CONFIDENTIAL by T-Mobile);

d) Exhibit 26 (excerpts of the deposition of Peter DeLuca, designated HIGHLY CONFIDENTIAL by T-Mobile);

e) Exhibit 27 (excerpts of the deposition of Clint Patterson, designated HIGHLY CONFIDENTIAL by T-Mobile);

f) Exhibit 28 (excerpts of the deposition of Doug Chartier, designated CONFIDENTIAL by T-Mobile);

g) Exhibit 29 (document produced by T-Mobile and designated CONFIDENTIAL);

h) Exhibit 30 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

i) Exhibit 31 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

j) Exhibit 32 (document produced by T-Mobile and designated CONFIDENTIAL);

k) Exhibit 33 (document produced by T-Mobile and designated CONFIDENTIAL);

l) Exhibit 34 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

m) Exhibit 35 (document produced by T-Mobile and designated CONFIDENTIAL);

n) Exhibit 36 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

o) Exhibit 37 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

p) Exhibit 38 (document produced by T-Mobile and designated CONFIDENTIAL);

q) Exhibit 39 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

r) Exhibit 40 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

s) Exhibit 41 (document produced by T-Mobile and designated CONFIDENTIAL);

t) Exhibit 42 (document produced by T-Mobile and designated CONFIDENTIAL);

u) Exhibit 43 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

v) Exhibit 44 (document produced by T-Mobile and designated CONFIDENTIAL);

w) Exhibit 45 (document produced by T-Mobile and designated CONFIDENTIAL);

x) Exhibit 46 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

y) Exhibit 47 (document produced by T-Mobile and designated CONFIDENTIAL);

z) Exhibit 48 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

aa) Exhibit 49 (document produced by T-Mobile and designated HIGHLY CONFIDENTIAL);

bb) Exhibit 50 (document produced by T-Mobile and designated CONFIDENTIAL); and

cc) Exhibit 51 (document produced by T-Mobile and designated CONFIDENTIAL).

3. Pursuant to the standing Amended Agreed Confidentiality Order, a non-designating Party that "wishes to file any Protected Material in connection with a motion, brief, or other submission to the Court . . . must seek leave to file it under seal temporarily so the Designating Party or Parties can attempt to make the showings required by Local Civil Rule 26.2." ECF No. 336 ¶ 6. The Designating Party "shall have twenty-one (21) days to file the motion required by Local Rule 26.2," and the non-designating Parties "will have fourteen (14)

days to respond." *Id.* Plaintiffs take no position at this time on whether there is good cause to seal these materials, and reserve their right to respond to any motion T-Mobile files. *See id.* ¶¶ 6, 16; *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999) ("The determination of good cause cannot be elided by allowing the parties to seal whatever they want [pursuant to a protective order].").

4. Portions of Plaintiffs' Motion and of Exhibits 16, A, and B to the Zandi Declaration reference the aforementioned materials or reflect the same information that T-Mobile designated CONFIDENTIAL or HIGHLY CONFIDENTIAL. As above, T-Mobile bears the burden to demonstrate that sealing is warranted. Plaintiffs take no position.

5. Contemporaneously with this filing, Plaintiffs have filed public versions of the Motion and the Exhibits described above, with references to materials that T-Mobile has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL redacted. The under-seal versions of these materials include highlights over the text that will be redacted from the public copies. Where an exhibit is proposed to be sealed in its entirety, the public filing includes a placeholder notice of filing under seal marked "Fully Redacted," and the provisionally sealed copy is marked "Under Seal" with a full-page watermark.

WHEREFORE, Plaintiffs move for an order permitting the unredacted versions of the Motion, Exhibits 16, 23–51, and A–B to the Zandi Declaration to be filed provisionally under seal.

Dated: November 18, 2026

Respectfully submitted,

*/s/ Brendan P. Glackin*
Brendan P. Glackin (*pro hac vice*)
Lin Y. Chan (*pro hac vice*)
Nicholas W. Lee (*pro hac vice*)
Sarah D. Zandi (*pro hac vice*)
Jules A. Ross (*pro hac vice*)
Courtney J. Liss (*pro hac vice*)
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Phone: (415) 956-1000
bglackin@lchb.com
lchan@lchb.com
nlee@lchb.com
szandi@lchb.com
jross@lchb.com
cliss@lchb.com

Eric L. Cramer (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Phone: (215) 715-3256
ecramer@bergermontague.com

Robert Litan (*pro hac vice*)
BERGER MONTAGUE PC
1001 G St, N.W. Suite 400 East
Washington, D.C. 20001
Phone: (202) 559-9740
rlitan@bergermontague.com

Joshua P. Davis (*pro hac vice*)
Kyla Gibboney (*pro hac vice*)
Julie Pollock (*pro hac vice*)
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, CA 94111
Phone: (415) 689-9292
jdavis@bergermontague.com
kgibboney@bergermontague.com
jpollock@bergermontague.com

Gary I. Smith, Jr. (*pro hac vice*)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94104
Phone: (267) 702-2318
gsmith@hausfeld.com

Swathi Bojedla (*pro hac vice*)
Jose Roman Lavergne (*pro hac vice*)
Shana R. Herman (*pro hac vice*)
HAUSFELD LLP
1200 17th Street NW, Suite 600
Washington, D.C. 20036
Phone: (202) 540-7200
sbojedla@hausfeld.com
jlavergne@hausfeld.com
sherman@hausfeld.com

Renner Walker (*pro hac vice*)
William Hayden Dwyer (*pro hac vice*)
HAUSFELD LLP
33 Whitehall Street, 14th Floor
New York, NY 10004
Phone: (646) 357-1100
rwalker@hausfeld.com
wdwyer@hausfeld.com

Daniel P. Margolskee (*pro hac vice*)
HAUSFELD LLP
325 Chestnut St., Suite 900
Philadelphia, PA 19106
Phone: (215) 985-3270
dmargolskee@hausfeld.com

*Interim Co-Lead Class Counsel for Plaintiffs and the Proposed Class*

Kenneth N. Flaxman ARDC No. 830399
Joel Flaxman ARDC No. 6292818
LAW OFFICES OF KENNETH N. FLAXMAN P.C.
200 S Michigan Ave., Suite 201
Chicago, IL 60604
Phone: (312) 427-3200
knf@kenlaw.com
jaf@kenlaw.com

*Interim Liaison Counsel for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I certify that on November 18, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send electronic copies to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Brendan P. Glackin*
Brendan P. Glackin